STATE of Iowa, Appellee,

v.

James STERGION, Appellant.

No. 58821.

Supreme Court of Iowa.

Dec. 15, 1976.

Donald E. Doyle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

REYNOLDSON, Justice.

Defendant was convicted of operating a motor vehicle while under the influence of alcoholic beverages, a violation of § 321.281, The Code, 1973. He asserts trial court should have sustained his pretrial dismissal motion based on double jeopardy because he had previously been acquitted on three counts of manslaughter (§ 690.10, The Code, 1973) arising out of the same incident and collision. We affirm.

The three fatalities occurred as a result of a two-car collision in Scott County, Iowa on May 11, 1974. Defendant admitted he had been drinking. June 18, 1974, defendant was charged with OMVUI. July 2, 1974, he was charged with three counts of manslaughter which were subsequently incorporated into one county attorney's information. Defendant was first tried on the latter offense and found not guilty by the jury.

In the manslaughter case the State alleged defendant operated his motor vehicle under the influence of alcoholic beverages or in a wanton and reckless manner. As grounds for his motion to dismiss the OMVUI charge, defendant asserted the double jeopardy bar applied because 1) OMVUI is a lesser included offense in the crime of manslaughter, and 2) the State was collaterally estopped from relitigating the driving while under the influence issue, decided adversely to the State in the first trial.

I. The constitutional right not to be tried twice for the same offense proceeds from both Amendment 5 of the United States Constitution and from Article I, § 12 of the Iowa Constitution. It is also expressed in § 777.20, The Code.

■ A person tried for an offense cannot be tried thereafter for a lesser offense *necessarily* included in and a part of the first charge, if, under the indictment or information for the first offense, defendant could have been convicted of the lesser offense. *State v. Stewart,* 223 N.W.2d 250, 251–253 (Iowa 1974), cert. denied, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975); 21 Am. Jur.2d Criminal Law § 187, p. 242 (1965).

Defendant's theory that driving while under the influence is a lesser offense necessarily included in the manslaughter charge requires us to analyze both offenses.

■ The question whether one offense is necessarily included in the other is resolved through a two-step process. The first focuses upon the legal or element test, and the second requires an ad hoc factual determination. *State v. Redmon,* 244 N.W.2d 792, 796 (Iowa 1976); *State v. Smith,* 223 N.W.2d 223, 225 (Iowa 1974).

Turning first to the legal or element test our rule provides:

"The lesser offense must be composed solely of some but not all elements of the greater crime. The lesser crime must not require any additional element which is not needed to constitute the greater crime."

—*State v. Stewart,* supra, 223 N.W.2d at 252.

■ In applying this rule, we first note manslaughter under § 690.10, The Code, 1973, is the unlawful, unintentional killing of a person by another without malice. *State v. Boston,* 233 Iowa 1249, 1255, 11 N.W.2d 407, 410 (1943). In Iowa, manslaughter may result from the reckless operation of a motor vehicle or from operating a motor vehicle while intoxicated. *State v. Stewart,* supra, 223 N.W.2d at 252.

■ Because manslaughter by operation of a motor vehicle may be committed by

reckless driving, it is apparent a key element in OMVUI—driving while under the influence—is not necessarily included in the offense of vehicular manslaughter. See *State v. Stewart, supra,* 223 N.W.2d at 252; *State v. Grady,* 215 N.W.2d 213, 214 (Iowa 1974). It follows, under the first test above set out, OMVUI was not a lesser included offense in the prior charge of manslaughter. On this ground, trial court rightly overruled defendant's motion to dismiss.

II. However, defendant's double jeopardy motion is two-pronged. He additionally asserts the State is collaterally estopped by the jury verdict in the manslaughter trial from trying him for OMVUI. He argues the death of the three persons (an essential element in the manslaughter charge) as a result of the accident was clear. Thus, the prior acquittal had to mean the jury found defendant was neither operating his vehicle recklessly nor under the influence. Defendant asserts the State should not be permitted to relitigate the intoxication issue.

■ It is undisputed the doctrine of collateral estoppel applies to criminal cases in Iowa. *State v. Thompson,* 241 Iowa 16, 20, 39 N.W.2d 637, 640 (1949); see *State v. O'Kelly,* 211 N.W.2d 589, 593–595 (Iowa 1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974); *State v. Young,* 211 N.W.2d 352, 354 (Iowa 1973). Collateral estoppel has been defined to mean "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit". *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). We quoted this definition with approval in *State v. Pospishel,* 218 N.W.2d 602, 604 (Iowa 1974).

■ In *Ashe, supra,* the United States Supreme Court held collateral estoppel is embodied in the double jeopardy concept of the fifth amendment. 397 U.S. at 445, 90 S.Ct. at 1195, 25 L.Ed.2d at 476; see *Harris v. Washington,* 404 U.S. 55, 56, 92 S.Ct. 183, 184, 30 L.Ed.2d 212, 215 (1971). A prior decision had already applied fifth amendment double jeopardy to the states through

Amendment 14, United States Constitution. *Benton v. Maryland,* 395 U.S. 784, 794–796, 89 S.Ct. 2056, 2062–2063, 23 L.Ed.2d 707, 715–717 (1969). Thus, collateral estoppel is a constitutional doctrine applicable to the states in criminal proceedings. *Simpson v. Florida,* 403 U.S. 384, 385, 91 S.Ct. 1801, 1802, 29 L.Ed.2d 549, 551–552 (1971).

■ This principle, however, only applies to questions of fact essential to the prior judgment, that is, only to ultimate facts, not evidentiary facts. *State v. Thompson, supra,* 241 Iowa at 22, 39 N.W.2d at 641; *People v. Dykes,* 243 Cal.App.2d 572, 576, 52 Cal.Rptr. 537, 542 (1966); Annot., 9 A.L.R.3d 203, 234–235 (1966).

This limitation must be kept in view when determining the impact of the sweeping admonition in *Ashe, supra,* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–476, that a trial court confronted with a double jeopardy defense based on a prior general verdict of acquittal must

"examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

See also *Turner v. Arkansas,* 407 U.S. 366, 368, 92 S.Ct. 2096, 2098, 32 L.Ed.2d 798, 801 (1972).

The burden imposed on trial court is to hypothesize what it considers to be a "rational" jury. The court must then scrutinize those portions of the record itemized in *Ashe, supra,* to arrive at the imaginary jury's collective and unanimous judgment on a crucial issue involved in the verdict.

Under the record in this case, trial court was not required to engage in this figmentary reconstruction. Defendant never offered the "pleadings, evidence, or charge" in the manslaughter trial for the court's examination. He merely appended to his dismissal motion several of the jury instructions from the prior proceeding.

■ It is not generally permissible for a trial court to take judicial notice of proceed-

ings in a related but wholly different case. *State v. Aldrich*, 231 N.W.2d 890, 893 (Iowa 1975); *Johnson v. Johnson*, 188 N.W.2d 288, 292 (Iowa 1971); *Hawkeye Security Ins. Co. v. Ford Motor Co.*, 174 N.W.2d 672, 685 (Iowa 1970). An exception not pertinent here is articulated in *Harms v. Bennett*, 256 Iowa 1320, 1323, 130 N.W.2d 734, 736 (1964).

■ The burden is on defendant to make an adequate record to show the verdict in the prior case necessarily foreclosed an issue essential to the subsequent prosecution. *United States v. Manuszak*, 532 F.2d 311, 315 (3 Cir. 1976); *United States v. Barket*, 530 F.2d 181, 188 (8 Cir. 1975); *Hernandez v. United States*, 370 F.2d 171, 173 (9 Cir. 1966).

■ The only record defendant offers in this case—the jury instructions—refutes the simplistic theory upon which his defense of collateral estoppel is posited. These instructions did not require the manslaughter jury merely to find three persons met death in the two-car collision. For a conviction, the jury had to find the deaths " * * * were not the result of a mere accident, but were the result of defendant's operating a motor vehicle while under the influence of an alcoholic beverage or defendant's reckless driving". Another instruction permitted the jury to convict only upon finding the deaths "were the natural and proximate result" of defendant's recklessness or of his operation of a vehicle while under the influence of an alcoholic beverage.

When defendant's motion to dismiss was overruled, there was nothing before trial court to indicate the prior acquittal verdict was not based on State's failure to prove the deaths were occasioned by defendant's conduct. In the OMVUI case, evidence of defendant's intoxication was overwhelming. Evidence on proximate cause of the accident reflected a murky picture. The testimony tended to show this was an intersectional collision with the right of way in doubt, and possible involvement of a third vehicle. Speculation about the basis for the manslaughter acquittal would have been inappropriate in ruling upon the dismissal motion. When the issue was raised again on motion for new trial, conjecture would have been even more hazardous.

We find no basis upon which trial court could have dismissed this case on collateral estoppel grounds.

The judgment below is therefore affirmed.

AFFIRMED.

MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ., concur.

McCORMICK, MASON and RAWLINGS, JJ., dissent.

McCORMICK, Justice (dissenting).

I dissent from Division I for the reasons stated in my dissent in *State v. Stewart*, 223 N.W.2d 250, 253–254 (Iowa 1974), cert. denied, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975).

MASON and RAWLINGS, JJ., join this dissent.