STATE of Iowa, Appellant,

v.

Brian Joseph LANGE, Appellee.

No. 92–381.

Supreme Court of Iowa.

Dec. 23, 1992.

As Amended on Denial of Rehearing
Jan. 22, 1993.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Henry Bevel and Kim Griffith–Dunn, Asst. County Attys., for appellant.

Thomas P. Frerichs of Fulton, Frerichs, Morton & Andres, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

ANDREASEN, Judge.

The State appeals from a district court order dismissing the charge of failure to affix a drug tax stamp in violation of Iowa Code chapter 421A (1991) against defendant on double jeopardy grounds. Defendant was previously convicted for manufacture of a controlled substance arising out of the same facts. The State contends the district court erred in concluding defendant's resistance to consolidating the two charges did not waive double jeopardy protection. Finding error, we reverse and remand.

## I. *Background.*

On April 1, 1991, Waterloo police searched Brian Joseph Lange's residence and found two marijuana plants growing in a closet. Police then arrested Lange. On May 7, a trial information was filed charging him with manufacture of a controlled substance (marijuana) in violation of Iowa Code section 204.401(1)(d). A jury trial date was set by the court but then continued by district court order. On October 21, a complaint was filed accusing Lange of failure to affix a drug tax stamp in violation of Iowa Code section 421A.12. This charge also arose from evidence secured in the April 1 search.

On October 30, the State filed a motion to consolidate the manufacture and drug tax stamp charges. On November 6, the State filed a trial information against Lange charging him with failure to affix a drug tax stamp in violation of Iowa Code section 421A.12. At the November 15 hearing on the State's motion to consolidate, Lange resisted the motion because it was untimely, because there was no good cause for the State's delay in filing the tax stamp charge, and because Lange was willing to waive his right to a jury trial on the manufacture charge but not as to the tax stamp charge. Although the county attorney urged the State would have problems under *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), if the court refused to consolidate, district judge Joseph C. Keefe denied the State's motion to consolidate.

On January 8, 1992, the manufacture charge was submitted to district judge James C. Bauch for trial to the court on the minutes of testimony contained in the trial information. On January 21, the court found Lange guilty as charged. The court also set the drug tax stamp charge for jury trial.

On January 24, Lange moved to dismiss the drug tax stamp charge based on double jeopardy and prosecutorial delay. District judge Joseph Moothart dismissed the drug tax stamp charge as being in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution. The issue of prosecutorial delay was not addressed by the court in its ruling. The State now appeals to this court.

## II. *Double Jeopardy.*

■ The State asserts a defendant who successfully resists efforts to consolidate cases arising from the same criminal conduct waives double jeopardy protection. Since this case involves constitutional protections against violation of the double jeopardy clause of the United States and Iowa Constitutions, our review is de novo. *State v. Clarke,* 475 N.W.2d 193, 194 (Iowa 1991). It is well settled that the double jeopardy clause protects defendants against multiple prosecutions and punishments for the same offense. The double jeopardy clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969) (footnotes omitted); *State v. McKettrick,* 480 N.W.2d 52, 56 (Iowa 1992).

To determine whether a charge is barred by double jeopardy, we have previously applied the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *McKettrick,* 480 N.W.2d at 57; *Clarke,* 475 N.W.2d at 194; *see State v. Jeffries,* 430 N.W.2d 728, 730 (Iowa 1988) (adopting *Blockburger* legal elements test). That test as stated in *Blockburger* is:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. As we stated in *State v. Goff,*

> If the greater offense cannot be committed without committing the lesser offense, the lesser offense is legally an included offense. On the contrary, if the

greater offense can be committed without committing the lesser offense, the lesser offense is not legally an included offense.

342 N.W.2d 830, 835 (Iowa 1983).

However, the legal elements test is not the only test used when determining if double jeopardy protection precludes subsequent prosecutions. *See Brown v. Ohio,* 432 U.S. 161, 166–67, n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187, 194–95 n. 6 (1977). The Supreme Court broadened the protection against multiple prosecutions provided by *Blockburger* with its decision in *Grady.* The rule of *Grady* is that the double jeopardy clause bars a subsequent prosecution in which the government, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. The Supreme Court recently limited the *Grady* conduct test. *United States v. Felix,* 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In *Felix,* the Court distinguished between *Grady*-type crimes involving a "single course of conduct" and those involving "multilayered conduct as to time and place." *Id.* at ——, 112 S.Ct. at 1385, 118 L.Ed.2d at 36; *see McIntyre v. Trickey,* 975 F.2d 437, 442 (8th Cir.1992); *see also United States v. McHan,* 966 F.2d 134, 140–41 (4th Cir.1992) (as amended).

█ Here, the manufacture charge is a lesser included offense of failure to affix a drug tax stamp under the *Blockburger* test. All the essential legal elements of the manufacture offense are included in the legal elements of the drug tax stamp offense. In addition, the prosecution of the tax stamp offense will involve proof of conduct that was established in the manufacture case. As such, successive prosecutions would violate the Fifth Amendment's prohibition against double jeopardy. However, this conclusion does not dispose of the issues raised in this appeal.

### III. *Waiver.*

The fighting issue in this appeal is whether Lange waived his right against subsequent prosecution. The procedural history of this case distinguishes it from the typical double jeopardy case in which a defendant is charged and convicted on one offense then subsequently charged with a second offense. Here, Lange was charged with both offenses before trial on either. *See State v. Moritz,* 293 N.W.2d 235 (Iowa 1980) (Double jeopardy is not implicated until, at the very earliest, a jury is sworn or tender of a plea.); *State v. Evans,* 248 N.W.2d 521 (Iowa 1976) (same). The State then moved to consolidate the two offenses. Lange successfully resisted the consolidation, thereby requiring separate trials. Then, after conviction on the manufacture charge, Lange moved to dismiss the drug tax stamp charge on double jeopardy grounds. We must decide whether Lange's resistance to consolidating the charges constitutes a waiver of his right to assert the protection of the double jeopardy clause to prevent prosecution of the subsequent drug tax stamp charge.

The Supreme Court in *Jeffers v. United States* addressed the extent of the protection against multiple prosecutions offered by the double jeopardy clause of the Fifth Amendment under circumstances in which the defendant opposes the government's efforts to try the two charges in one proceeding. 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). In *Jeffers,* a federal grand jury returned two indictments: (1) conspiracy to distribute heroine and cocaine, and (2) conducting a continuing criminal enterprise in violation of the drug laws. *Id.* at 140–42, 97 S.Ct. at 2210–11, 53 L.Ed.2d at 173–75. The government filed a motion to join the indictments for trial together. *Id.* at 142, 97 S.Ct. at 2211, 53 L.Ed.2d at 174–75. The petitioner and other defendants filed a joint resistance to the motion. *Id.* at 142, 97 S.Ct. at 2212, 53 L.Ed.2d at 174–75.

The district court denied the government's motion for joint trial, and the conspiracy charge proceeded to trial first. *Id.* at 143, 97 S.Ct. at 2212, 53 L.Ed.2d at 175. After trial upon the conspiracy charge, the petitioner filed a motion to dismiss the

criminal enterprise case on double jeopardy grounds. *Id.* at 144, 97 S.Ct. at 2212, 53 L.Ed.2d at 175–76. The district court denied petitioner's motion, and he was convicted. *Id.* at 144–45, 97 S.Ct. at 2213, 53 L.Ed.2d at 175–76. The conviction was upheld on appeal. *United States v. Jeffers*, 532 F.2d 1101 (7th Cir.1976). Upon further review, the Supreme Court concluded that since petitioner "was solely responsible for the successive prosecutions ... his action deprived him of any right that he might have had against consecutive trials." *Jeffers*, 432 U.S. at 154, 97 S.Ct. at 2218, 53 L.Ed.2d at 182. *Jeffers*, we conclude, is controlling on the issue of waiver and has not, as Lange argues, been overruled by *Grady.*

■ If a defendant expressly asks for separate trials on offenses that, if the government brought and tried separately, would present double jeopardy problems, then the prohibition against multiple prosecutions for "the same offense" does not apply. There is no violation of the double jeopardy clause when the defendant elects to have charges on a greater offense and a lesser offense tried separately and persuades the court to honor the election. *See id.* at 152, 97 S.Ct. at 2217, 53 L.Ed.2d at 181.

■ Here, the manufacture and drug tax stamp charges could have been tried together. In fact, the State made a motion to consolidate them. It was Lange who, by successfully resisting the State's motion to consolidate, elected to try the cases separately. Under the circumstances, we hold his action deprived him of any right that he might have had against successive trials. It follows, therefore, that the State is entitled to prosecute Lange for the drug tax stamp offense.

### IV. *Resistance to remand.*

Lange argues that the failure to affix the drug tax stamp offense should not be remanded for trial because he has already been placed in jeopardy on the charge. Although a hearing upon Lange's motion to dismiss was held before jury selection, the district court reserved its ruling until after the jury was selected and before evidence was offered. Lange argues jeopardy attached at the moment the jury was sworn. *See Moritz,* 293 N.W.2d at 242.

■ The trial was terminated upon Lange's motion to dismiss. The district court's failure to postpone jury selection until it could give full consideration to the defendant's motion was reasonable and not in bad faith. Lange had no objection to the court reserving ruling on his motion until after selection of the jury. The criminal proceeding was terminated at defendant's request and with his consent. We believe the court's dismissal of the charge after selection of the jury is the functional equivalent of a declaration of mistrial and Lange may be retried. *See Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) (dismissal of charge because trial information was inadequate did not prevent retrial although dismissal was granted after all evidence had been received); *see also* 21 Am.Jur.2d *Criminal Law* § 313 (1981). We remand this case for trial on the drug tax stamp charge. However, before trial the court must address the motion to dismiss based on prosecutorial delay.

REVERSED AND REMANDED.