STATE of Iowa, Appellant,

v.

Keith Michael FRANZEN, Appellee.

STATE of Iowa, Appellant,

v.

Jeffrey Lawrence HAVIGHURST,
Appellee.

STATE of Iowa, Appellant,

v.

Scott David KOLKER, Appellee.

STATE of Iowa, Appellant,

v.

Anthony Michael KOURI, Appellee.

STATE of Iowa, Appellant,

v.

Michael Douglas TROXEL, Appellee.

No. 92–363.

Supreme Court of Iowa.

Feb. 17, 1993.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kim Griffith–Dunn, D. Raymond Walton, and Shawn Wehde, Asst. County Attys., for appellant.

T. David Katsumes, Elgin, for appellee Franzen.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellees Havighurst, Kolker, Kouri and Troxel.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

Does a guilty plea to a lesser included offense in a multicount criminal information raise a double jeopardy bar to prosecution on the greater offense? We have combined these four criminal appeals because they involve this issue. Each of the defendants was charged in one information with two criminal offenses. Each defendant entered a plea of guilty to possession of marijuana, a serious misdemeanor, in violation of Iowa Code section 204.401(3) (1991). Each defendant entered a plea of not guilty to failing to affix a drug tax stamp, a class "D" felony, in violation of Iowa Code section 421A.12. After the guilty pleas were accepted by the court, the defendants urged the second count should be dismissed because further prosecution would be in violation of the double jeopardy protection under the United States and Iowa Constitutions, Iowa Code chapter 816 and Iowa Code section 701.9.

The district court concluded the defendants' plea of guilty to the lesser included offense of possession of marijuana would be a bar to subsequent prosecution on the second count, failing to affix a drug tax stamp. On appeal, we reverse the district court judgments and remand for further proceedings.

## I. Double Jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Iowa Constitution merely provides "[n]o person shall after acquittal, be tried for the same offence." Iowa Const. art. I, § 12. However, the Double Jeopardy Clause is applicable to state criminal trials through the Fourteenth Amendment due process provision. *Benton v. Maryland*, 395 U.S. 784, 794–95, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 715–16 (1969); *State v. Evans*, 248 N.W.2d 521, 524 (Iowa 1976). The same constitutional

standards for determining when jeopardy attaches must be applied equally in both federal and state courts. *Crist v. Bretz,* 437 U.S. 28, 32, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24, 29 (1973).

The constitutional prohibition against double jeopardy was "designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957). It is based upon the principles of finality and the prevention of prosecutorial overreaching. The principle reflects a concern that a state should not be allowed to make repeated attempts to convict an individual for an alleged offense. *Id.; State v. Huss,* 430 N.W.2d 621, 623 (Iowa 1988).

■ The Double Jeopardy Clause protects those accused of a crime from both multiple prosecution and multiple punishment. *North Carolina v. Pearce,* 395 U.S. 711, 714, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). When determining whether a criminal charge is barred by the Double Jeopardy Clause, the test expressed in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as broadened by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), is generally applied. *State v. Lange,* 495 N.W.2d 105, —— (Iowa 1993).

■ The Double Jeopardy Clause protects against a second prosecution for the same offense after either acquittal or conviction. It serves principally as a restraint on the courts and prosecutors. The double jeopardy protection against multiple punishments for the same offense serves a different purpose. Because power to prescribe crimes and determine punishment is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent. *Missouri v. Hunter,* 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535, 542–44 (1983). The issue raised in this appeal relates to multiple or subsequent prosecution.

The appellees claim the district court's acceptance of their guilty plea to posses-

sion of marijuana was a plea to a lesser included offense of the failure to affix a drug tax stamp charge. They urged that under *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the greater offense is by definition the "same offense" for purposes of double jeopardy as any lesser included offense. In *Brown,* the accused was charged with "joyriding"— taking or operating a car without the owner's consent. He entered a plea of guilty to this charge and was sentenced to thirty days in jail and a $100 fine. Approximately one month after his release, he was indicted on two counts growing out of the same conduct. The first count charged him with auto theft, a felony, and the second count charged him with "joyriding." The accused entered a guilty plea to the theft charge with the understanding that the court would consider his claim of former or double jeopardy. The Ohio court overruled his double jeopardy objections, and that ruling was affirmed by the Ohio Court of Appeals. After the Ohio Supreme Court denied leave to appeal, the United States Supreme Court granted certiorari.

The principal question in *Brown* was whether auto theft and joyriding, a greater and lesser included offense under Ohio law, constitute the "same offence" under the Double Jeopardy Clause. *Id.* at 164, 97 S.Ct. at 2225, 53 L.Ed.2d at 193. The Ohio Court of Appeals had concluded there was no Double Jeopardy Clause violation because the charges against Brown focused on different parts of his nine-day joyride. Recognizing

> [t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units.... [T]he Court held it was only one offense under Ohio law.

*Id.* at 169, 97 S.Ct. at 2227, 53 L.Ed.2d at 196 (citation omitted) (footnote omitted).

■ Here, the State argues "knowingly or intentionally" possessing marijuana under section 204.401(3) is not the same as, or a lesser included offense of, "possession" of marijuana under section 421A.12.

Under *Grady,* subsequent prosecution is barred when "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. Clearly, under this test, the conduct of possession of marijuana required as an essential element of section 421A.12 was an element of the possession charge for which the defendants have been prosecuted.

Subsection 204.401(3) provides: "[i]t is unlawful for any person knowingly or intentionally to possess a controlled substance...." Subsection 204.401(1) provides: "it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance...." Although this subsection does not expressly require that the defendant "knowingly or intentionally" possess a controlled substance, the State is required to prove both that the defendant knowingly or intentionally possessed a controlled substance, and that the defendant knew the substance he or she possessed was a controlled substance in the prosecution of charges under either subsection 204.401(1) or subsection 204.401(3). *State v. Rudd,* 454 N.W.2d 570, 571 (Iowa 1990) (simple possession); *State v. Duncan,* 414 N.W.2d 91, 94 n. 2 (Iowa 1987) (knowledge is an element that our previous cases have read into chapter 204); *State v. Osmundson,* 241 N.W.2d 892, 893 (Iowa 1976) (knowledge is an imputed element of offense of delivery of the controlled substance); *State v. Reeves,* 209 N.W.2d 18, 21–23 (Iowa 1973) (scienter or knowledge is an element of the offense of possession). *See also* Iowa Crim. Jury Instructions 2300.2 and 2300.3.

Under chapter 421A an excise tax is placed upon unlawful dealing in controlled and other substances. It imposes penalties upon a dealer who violates the chapter. Iowa Code § 421A.12. A dealer is defined as "any person who ships, transports, or imports into this state or acquires, purchases, possesses, manufactures, or produces in this state ... [f]orty-two and one-half grams or more of a substance consisting of or containing marijuana." Iowa Code § 421A.1(3).

■ We find no reason to construe the term "possesses" under chapter 421A differently from "possess" under section 204.-401. When construing criminal statutes, we consider "the evil to be remedied and the objects or purposes the legislative enactment seeks to obtain." *Duncan,* 414 N.W.2d at 95. By construing these terms alike, we have adopted a reasonable interpretation that will best effect the purpose of the statutes and avoid an absurd result. *See Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989). It would indeed be strange if conviction of possession of marijuana, a misdemeanor, would require proof of knowledge or intention, while conviction of failure to affix a drug tax stamp upon marijuana that a dealer possesses, a felony, would not require such proof. We conclude each defendant's possession of marijuana is a lesser included offense of failure to affix a drug tax stamp. Although we reject the State's argument that possession under subsection 204.401(3) is not a lesser included offense, we recognize the Double Jeopardy Clause may not prevent subsequent prosecution under certain circumstances.[1]

■ When a defendant is charged in multiple counts, special circumstances may remove the case from the general principles of double jeopardy. When a defendant successfully opposes the government's motion for a consolidated trial on two indictments charging the accused with related offenses, the general rule, which would bar trial on the second indictment after the accused had been convicted on the first, does not apply. *Jeffers v. United States,* 432 U.S. 137, 154, 97 S.Ct. 2207,

---

1. In *Brown,* the Court recognized that it was not concerned with double jeopardy questions that may arise when a defendant is retried for the same charge after a mistrial, or dismissal of the indictment, or after a conviction is reversed on appeal. 432 U.S. at 165 n. 5, 97 S.Ct. at 2225 n. 5, 53 L.Ed.2d at 194 n. 5.

2218, 53 L.Ed.2d 168, 182 (1977). In *Jeffers*, Justice Blackmun stated:

[A]lthough a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election.

*Id.* at 152, 97 S.Ct. at 2217, 53 L.Ed.2d at 181 (footnote omitted). The Court concluded that the defendant was responsible for the successive prosecutions of the two separate offenses and that under the circumstances his action deprived him of any right that he might have had against consecutive trials. *Id.* at 154, 97 S.Ct. at 2218, 53 L.Ed.2d at 182.

In *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the Court recognized another exception to the general principle of double jeopardy, which we find dispositive in this case. In *Johnson,* the accused was charged in a multicount indictment with murder, involuntary manslaughter, aggravated robbery, and grand theft. Prior to trial, the Court accepted Johnson's guilty pleas to the lesser offenses of manslaughter and theft. He then moved to dismiss the murder and aggravated robbery charges on the ground that further prosecution on the more serious offenses was barred by the double jeopardy prohibitions of the Fifth and Fourteenth Amendments.

The district court dismissed the charges, and the dismissal was affirmed on appeal through the Ohio courts. On certiorari to the United States Supreme Court, the judgment of the Ohio Supreme Court was reversed, and the case was remanded. "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Id.* at 500, 104 S.Ct. at 2541, 81 L.Ed.2d at 434. Citing *Brown,* the Court recognized the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when the defendant has already been tried and convicted on the lesser included offense. *Id.* at 501, 104 S.Ct. at 2542, 81 L.Ed.2d at 434. The Court then concluded the principles of finality and prevention of prosecutorial overreaching that were applied in *Brown* were not applicable. *Id.* Because "[t]here simply has been none of the governmental overreaching that double jeopardy is supposed to prevent," the Double Jeopardy Clause did not prohibit the State from continuing the prosecution on the remaining charges. *Id.* at 502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435. A defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution." *Id.*

■ We conclude the acceptance of a defendant's guilty plea to one count of an information, that is a lesser offense of a second count, does not prevent the State from completing its prosecution on the remaining count. We hold the double jeopardy protection against subsequent or successive prosecution under the Fifth Amendment has no application under these circumstances. We reject appellees' argument that the double jeopardy exception established by *Johnson* was modified by the Court's decision in *Grady.*

■ If the defendants are convicted on the failure to affix drug tax stamp charge, the district court will then be required to determine whether the Iowa legislature intended to make violation of section 204.-401(3) a separate offense from violation of section 421A.12. In any event, the Due Process Clause does not prohibit prosecution on the remaining offense under these circumstances.

## II. *Statutory Provisions.*

■ Iowa Code section 816.1 provides "conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense...." Section 816.2 provides:

When a defendant has been convicted or acquitted upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be a bar

to another indictment for the same offense charged in the former or for any lower degree of that offense, or for an offense necessarily included therein.

This section prohibits prosecution of the same or lesser included offense when the defendant has been convicted of the greater offense; it does not preclude prosecution of the greater offense upon conviction of the lesser offense.

■ Iowa Code section 701.9 provides:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

While this section may bar conviction of the lesser included offense if the defendant is convicted of the greater offense, it does not prevent prosecution of the greater offense.

REVERSED AND REMANDED.