STATE of Iowa, Appellant,

v.

Tommie Lewis BUTLER, Appellee.

No. 92–1504.

Supreme Court of Iowa.

Aug. 25, 1993.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., J. Patrick White, County Atty., and David V. Tiffany, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender and B. John Burns, Asst. State Appellate Defender, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The State appeals from a district court order dismissing the charge of failure to affix a drug tax stamp on double jeopardy and collateral estoppel grounds. The defendant was previously acquitted of the charge of possession with intent to deliver a controlled substance arising out of the same conduct.

The two criminal charges were severed by the court on defendant's motion. The State contends the defendant waived his double jeopardy and collateral estoppel protections by electing to have the two charges tried separately and by persuading the court to honor his election. We conclude the defendant did not waive his collateral estoppel protection and affirm the district court's order.

### I. Background.

In 1991, Tommie Lewis Butler was charged in one trial information with one count of possession with intent to deliver a schedule I controlled substance, marijuana, in violation of Iowa Code sections 204.-401(1)(d) and 204.204(4) (1991), and one count of failure to affix a drug tax stamp in violation of Iowa Code sections 421A.12, 421A.1(3), 421A.3 and 421A.7 (1991). Following arraignment Butler filed a motion to sever the two counts. The court granted defendant's motion and ordered the State to proceed to trial on the charge of possession with intent to deliver.

At trial the jury found Butler not guilty of possession with intent to deliver marijuana and not guilty of the lesser included offense of possession of marijuana. Later, Butler moved to dismiss the remaining drug tax stamp charge asserting the State's prosecution of the second count was barred on double jeopardy and collateral estoppel grounds. The district court granted Butler's motion to dismiss for the reasons urged by the defendant. The State appealed this ruling.

The issue presented is whether Butler's election to sever the charges against him deprived him of his constitutional right to object to trial on the severed charge under either double jeopardy principles or under the doctrine of collateral estoppel. Our review of questions of constitutional law is de novo. *State v. Lange*, 495 N.W.2d 105, 106 (Iowa 1993).

### II. Double Jeopardy.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution affords a defendant three basic protections: "It protects against a second prosecu-

tion for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969) (footnotes omitted); *State v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992). The Double Jeopardy Clause applies to state criminal trials through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794–95, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 715–16 (1969); *McKettrick*, 480 N.W.2d at 56.

The constitutional prohibition against double jeopardy is based on principles of finality and the prevention of prosecutorial overreaching. *Ohio v. Johnson*, 467 U.S. 493, 502, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 435 (1984); *State v. Franzen*, 495 N.W.2d 714, 716 (Iowa 1993). "It serves principally as a restraint on the courts and prosecutors." *Franzen*, 495 N.W.2d at 716.

To determine whether a charge is the "same offense" we have applied the same-elements test, also referred to as the legal elements test, articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as expanded by the same-conduct test recognized in *Grady v. Corbin*, 495 U.S. 508, 521, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548, 564 (1990). Under the *Blockburger* test,

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. In addition, *Grady* bars a subsequent prosecution if,

> to establish an essential element of an offense charged in that prosecution, [the government] will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Grady*, 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. *See Lange*, 495 N.W.2d at 107.

Applying the same-conduct test of *Grady,* the criminal charge of possession with intent to deliver and the criminal charge of failure to affix a drug tax stamp would be considered the same offense. To prove violation of the drug tax stamp charge, the State would rely on the same conduct submitted in the first trial. Under this analysis, the second trial against Butler would be barred unless the defendant has waived his double jeopardy protection.

■ The protection embodied in the Double Jeopardy Clause is personal and may be waived by a defendant's voluntary actions and choices. *Jeffers v. United States,* 432 U.S. 137, 154, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168, 182 (1977). Relying upon *Jeffers,* we held a defendant's resistance to consolidation of charges for trial constituted a waiver of the right to assert double jeopardy protection. *Lange,* 495 N.W.2d at 108. We explained that when the defendant "was solely responsible for the successive prosecutions . . . his action deprived him of any right that he might have had against consecutive trials." *Id.* (quotation omitted).

We find no reason to treat a defendant's resistance to consolidation of charges any differently from Butler's motion to sever the charges. In both cases the defendant elected to have charges of a greater offense and lesser offense tried separately and successfully persuaded the district court to grant his or her motion. *See United States v. Blyden,* 930 F.2d 323, 327 (3d Cir.1991); *United States v. Edmond,* 924 F.2d 261, 269–70 (D.C.Cir.1991). Under these circumstances, Butler should not be entitled to use the Double Jeopardy Clause to prevent the State from completing its prosecution on the remaining count. *See Franzen,* 495 N.W.2d at 718. Because Butler is responsible for the successive prosecutions, he has waived his double jeopardy protection against consecutive trials. *See Lange,* 495 N.W.2d at 108.

■ Likewise, the constitutional double jeopardy protection does not extend to Butler if only the *Blockburger,* same-elements test, is employed. This analysis is now of greater significance because the United States Supreme Court recently overturned *Grady. United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (1993).

The essential elements of the possession with intent to deliver charge are that (1) Butler knowingly possessed a controlled substance, (2) with intent to deliver. The essential elements of the drug tax stamp charge are that (1) he is a dealer who knowingly possessed a taxable substance, (2) without a stamp, label or other official indicia evidencing that the tax imposed by chapter 421A has been paid. The definition of a dealer includes a person who possesses a certain quantity of a controlled substance. Iowa Code § 421A.1(3).

Because specific intent to deliver is an element in the possession charge that is not included in the stamp tax charge and because proof that there was no stamp or evidence of payment of tax is an element of the stamp tax charge, these two counts would not be considered the "same offense" for double jeopardy purposes. Each of these offenses contains a separate element; the same-elements test is not met. We conclude Butler has failed to establish his right to dismissal of the drug tax stamp charge upon double jeopardy grounds.

### III. *Collateral Estoppel.*

■ In addition to his double jeopardy claim, Butler argues the doctrine of collateral estoppel prevents the State from prosecuting him on the remaining count. He asserts the acquittal on the charge of possession with intent to deliver and the acquittal on the lesser included offense of possession of marijuana is a bar to prosecution of the drug tax charge.

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). In *Ashe,* the Court held that collateral estoppel "is embodied in the Fifth Amendment guarantee against double jeopardy." *Id.* at 446, 90 S.Ct. at 1195, 25 L.Ed.2d at 476. We have applied the doctrine of collateral estop-

pel to criminal cases in Iowa. *See, e.g., State v. Stergion,* 248 N.W.2d 911, 913 (Iowa 1976). Under this doctrine, when an acquittal of a criminal defendant determines an issue of ultimate fact, relitigation of that issue or an entire count may be barred in a later proceeding.

■ Although collateral estoppel is viewed as one of the protections encompassed by the Double Jeopardy Clause, the federal courts agree that it is an entirely separate claim that mandates a separate analysis. *See, e.g., Dowling v. United States,* 493 U.S. 342, 347–50, 110 S.Ct. 668, 671–74, 107 L.Ed.2d 708, 717–19 (1990); *United States v. Bailin,* 977 F.2d 270, 275–81 (7th Cir.1992); *United States v. Seley,* 957 F.2d 717, 720–23 (9th Cir.1992); *United States v. Aguilar–Aranceta,* 957 F.2d 18, 22–25 (1st Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 105, 121 L.Ed.2d 64; *United States v. Ashley Transfer & Storage Co.,* 858 F.2d 221, 225–27 (4th Cir.1988), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989).

> The Court set forth the test in *Ashe:*
>
> Where a previous judgment of acquittal was based on a general verdict ... this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

*Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76 (footnote omitted). The defendant has the burden of showing "that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling,* 493 U.S. at 350, 110 S.Ct. at 673, 107 L.Ed.2d at 719 (citations omitted). *See also Stergion,* 248 N.W.2d at 914.

Butler argues that in order to have acquitted him on the possession charge, the jury must necessarily have found he did not possess marijuana. Therefore, the State is estopped from proving an essential element of the drug tax offense, *i.e.,* possession of marijuana, because this issue has already been decided in Butler's favor by the jury's verdict.

There is no question that possession is an essential element of the drug tax charge. One who fits within the definition of a dealer must necessarily knowingly possess the particular controlled substance. In finding the State failed to prove Butler guilty of possession of marijuana, the jury must have grounded its verdict upon the very issue essential in the second count. Under these circumstances, collateral estoppel will bar a trial on the drug tax charge.

■ However, our review does not end here. We must decide whether Butler's motion to sever constitutes a waiver of his right to assert the collateral estoppel defense. The district court concluded waiver did not apply. We agree.

■ The State's argument for waiver assumes that because collateral estoppel is one protection afforded by the Double Jeopardy Clause, Butler's request for severance waived the protection of the collateral estoppel doctrine. The key question is whether collateral estoppel is coextensive with the Double Jeopardy Clause protections. We have not previously addressed this issue.

Federal courts have split on the question of whether collateral estoppel is coextensive with other double jeopardy protections. When first confronted with the collateral estoppel defense in the context of a waiver of double jeopardy, the Fourth Circuit concluded "[w]here collateral estoppel operates as a complete bar against a subsequent prosecution, collateral estoppel is coextensive with double jeopardy." *Ashley Transfer,* 858 F.2d at 227. Relying on dictum, the court held the same considerations should be applied to collateral estoppel as to double jeopardy. *Id.* In a footnote in *Johnson* the Court stated "where the State has made no effort to prosecute the charges seriatim, the considerations of double jeopardy protection implicit in the application of collateral estoppel are inapplicable." *Johnson,* 467 U.S. at 500 n. 9, 104 S.Ct. at 2541 n. 9, 81 L.Ed.2d at 434 n. 9. Because the defendants were responsible for the successive prosecution in *Ashley Trans-*

*fer*, the court held that waiver applied to the collateral estoppel defense.

In contrast, the First Circuit concluded that waiver of a double jeopardy claim did not waive a collateral estoppel defense. *Aguilar–Aranceta*, 957 F.2d at 22–23. The court found collateral estoppel separate from the "core concept of double jeopardy...." *Id.* at 23 (citation omitted). In *United States v. Blyden*, 740 F.Supp. 376, 380–81 (D.V.I. 1990), the district court applied the *Ashe* analysis after finding a waiver of the defendants' double jeopardy claims. Like Butler, the defendants in *Blyden* had caused the severance of several charges against them.

However, when the same defendants later appealed the use of certain evidence from a prior acquittal on collateral estoppel grounds, the appellate court elected to follow *Ashley Transfer*, holding that the evidence was admissible because waiver applied. *United States v. Blyden*, 964 F.2d 1375, 1379 (3d Cir.1992). Notably, the court applied waiver to the use of the doctrine of collateral estoppel as it relates to the evidentiary facts and not the ultimate facts. Here we are only concerned with ultimate facts. *See State v. Sunclades*, 305 N.W.2d 491, 495 (Iowa 1981).

■ We observe that collateral estoppel only applies in criminal cases when double jeopardy does not. *See, e.g., Bailin*, 977 F.2d at 275. As a practical matter a defendant has no need for collateral estoppel protection on specific issues if the entire prosecution is barred by double jeopardy. *Id.* Our decision in *Stergion* is illustrative on this point. There we applied collateral estoppel even though double jeopardy was not a bar to successive prosecutions. *Stergion*, 248 N.W.2d at 912–13. *See also Brown v. Ohio*, 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187, 195 n. 6 (1977) (even if two offenses are not the same for purposes of double jeopardy, a successive prosecution may be barred when the second proceeding would require relitigation of the same factual issues resolved in the first proceeding).

Further, application of waiver to Butler's collateral estoppel defense would be inconsistent with the policies behind the doctrine. In *Ashe*, the Supreme Court expressed concern with exposing a defendant to repeated risks of conviction for the same conduct. 397 U.S. at 445–46, 90 S.Ct. at 1195, 25 L.Ed.2d at 476–77. Likewise in *Johnson*, the Court recognized the doctrine's purpose was to prevent government overreaching, emphasizing that the State should not have "the opportunity to marshall its evidence and resources more than once or to hone its presentation of its case through trial...." 467 U.S. at 501–02, 104 S.Ct. at 2542, 81 L.Ed.2d at 435. *See also Standefer v. United States*, 447 U.S. 10, 22–23, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689, 701 (1980) (defendant could not use nonmutual offensive collateral estoppel because the government had not had a "full and fair opportunity to litigate").

> In *Dixon*, the Supreme Court commented: The collateral-estoppel effect attributed to the Double Jeopardy Clause, *see Ashe v. Swenson*, 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970), may bar a later prosecution for a separate offense where the government has *lost* an earlier prosecution involving the same facts. But this does not establish that the government "must ... bring its prosecutions ... together." It is entirely free to bring them separately, and can win convictions in both.

*Dixon*, —— U.S. at ——, 113 S.Ct. at 2860, 125 L.Ed.2d at 573.

Although Butler certainly waived his right to protest a second prosecution under double jeopardy, we find no reason to conclude collateral estoppel is likewise waived. Butler is not attempting to use collateral estoppel as a sword to prevent the State from having its one full opportunity to prosecute, but rather as a shield to prevent the State from having the opportunity to relitigate the issue of possession which was decided in the prior trial. We believe the State had a full and fair opportunity to try the possession charges. Therefore, the State is estopped from proceeding to trial on the second count. To hold otherwise would violate our notions of fundamental fairness and deny Butler the full benefits of the protections embodied in the Double Jeopardy Clause.

**AFFIRMED.**