STATE of Iowa, Plaintiff–Appellee,

v.

**Rodney NEIL HEEMSTRA,**
**Defendant–Appellant.**

No. 07–0983.

Court of Appeals of Iowa.

Oct. 29, 2008.

Joseph J. Hrvol, P.C., Council Bluffs, and David E. Richter, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins and Douglas D. Hammerand, Assistant Attorneys General, and Bryan Tingle, County Attorney, for appellee.

Heard by VOGEL, P.J., and MAHAN and MILLER, JJ.

MAHAN, J.

Rodney Heemstra appeals following his conviction of voluntary manslaughter in violation of Iowa Code section 707.4 (2001). He contends the district court erred in denying his motion to dismiss. We affirm.

Heemstra contends the Iowa Supreme Court's reversal of his conviction of first-degree murder in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006) (*Heemstra I*), constituted an acquittal such that his retrial was barred on grounds of double jeopardy, collateral estoppel and/or due process. All of defendant's contentions rely upon his interpretation that our supreme court has concluded there were "insufficient facts to support either the State's felony murder or premeditated murder theories."

The basis for the reversal of Heemstra's conviction for first-degree murder was legal error, not factual insufficiency. *Heemstra I*, 721 N.W.2d at 558. The *Heemstra I* court noted that it was defendant's contention that the faulty jury instruction "does not fit the statutory definition of willful injury and cannot provide the basis for felony murder. In fact, [the instruction] does not describe a felony at all." *Id.* at 553. The *Heemstra I* court stated that the defendant's objection to the jury instruction alerted the district court to "the problem inherent in the felony-murder instruction":

> [I]f the jury found Heemstra pointed the gun at Lyon intending to cause serious injury and that serious injury resulted, it could find felony murder, despite the fact that the gun pointing was not a forcible felony for purposes of felony murder and without proof of willfulness, deliberation, and premeditation.

*Id.* at 554. The court found the instruction legally erroneous. The above-quoted statement simply recognizes that an act that does not constitute a forcible felony cannot be a predicate for a felony-murder conviction.

The court rejected the State's harmless error argument. The court states, "The validity of a verdict based on facts *legally* supporting one theory for conviction of a defendant does not negate the possibility of a wrongful conviction of a defendant under a theory containing *legal* error." *Id.* at 558 (citations omitted) (emphasis added). Because the *Heemstra I* jury returned a general verdict, the court found it was required to reverse his first-degree murder conviction and remand for a new trial. *Id.* at 558.

We find that the supreme court did not consider whether there were facts suffi-

cient to sustain a conviction under a theory of premeditated murder.

■ *Double Jeopardy.* Normally, when error occurs at trial resulting in a reversal of a criminal conviction on appeal, double jeopardy principles do not prohibit a retrial. *State v. Dullard,* 668 N.W.2d 585, 597 (Iowa 2003) (citing *Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265, 272 (1988)). Heemstra attempts to place himself within the exception: when the defendant's conviction is reversed on grounds that the evidence was insufficient to sustain the conviction, retrial is barred on double jeopardy grounds. *Dullard,* 668 N.W.2d at 597. We have already concluded that the *Heemstra I* court did not address the sufficiency of the evidence of a conviction based on premeditated murder, and therefore double jeopardy principles are not at issue. *See generally Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265.

■ *Collateral Estoppel.* "When an issue of ultimate fact has once been determined by a verdict and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *State v. Butler,* 505 N.W.2d 806, 808 (Iowa 1993) (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970)). This principle of "collateral estoppel" is embodied in the guarantee against double jeopardy, but mandates a separate analysis. *Butler,* 505 N.W.2d at 809. The test has been described in *Ashe:*

> Where a previous judgment of acquittal was based on a general verdict ... this approach requires a court to examine the record of a prior proceeding, taking into account the pleading, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76 (footnotes and citations omitted) (emphasis added).

Heemstra claims that *Heemstra I* determined issues of ultimate fact on both felony and premeditated murder theories. He argues, "In *Heemstra I,* issues of malice, willfulness, deliberation, and premeditation were resolved against the State, thereby foreclosing the possibility of re-litigating these same issues at new trial." We again reject this premise and find his argument without merit. The supreme court did not address the factual sufficiency of conviction under a theory of premeditated of murder. What it did consider was whether the felony-murder jury instruction was legally erroneous. The State was not thereby foreclosed from retrying defendant for first-degree premeditated murder.

*Due Process.* Finally, the defendant claims that in his previous trial he was improperly subjected to alternative charging. He would have us determine that had his prior conviction been based on "two consecutive counts of first degree murder ... there would be no doubt about the verdict." This appeal is from a subsequent trial in which Heemstra was convicted of voluntary manslaughter. This court is restricted to issues raised in the defendant's present proceedings.

*Conclusion.* The *Heemstra I* court concluded that legal error required reversal and remanded for a new trial. Nothing in that decision barred Heemstra's retrial on first-degree murder based on the theory of premeditation. Heemstra does not challenge his current conviction of voluntary manslaughter on any other ground. We affirm.

**AFFIRMED.**