# IN THE COURT OF APPEALS OF IOWA

No. 15-1932
Filed May 17, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JODY LYNN HUGHLETTE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

A defendant appeals her conviction. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ. Blane, S.J. takes no part.

**VOGEL, Judge.**

Jody Hughlette appeals her conviction for possessing a taxable substance without affixing a tax stamp, in violation of Iowa Code section 453B.1, .3, and .12 (2014). Specifically, Hughlette claims the State was required to prove she knew the weight of the methamphetamine she possessed was seven grams or more. Because we conclude the statute does not contain such a requirement, we affirm her conviction.

### I. Background Facts and Proceedings

On the evening of September 5, 2014, an officer with the Des Moines Police Department (DMPD) was dispatched to East 14th Street and Dean Avenue on reports of a fight involving a weapon. The officer encountered a group of people, which included Hughlette, in a parking lot approximately one block away. After talking with the group, the officer decided to arrest some of the individuals, including Hughlette, for disorderly conduct. The officer then requested a female officer be sent to the scene to assist in searching the individuals for contraband. When the female officer arrived and searched Hughlette, she discovered a clear plastic bag containing methamphetamine tucked into her bra. The bag contained 23.78 grams of methamphetamine,[1] and it did not have a tax stamp on it.

---

[1] At trial, a DMPD officer with experience in narcotics explained that approximately twenty-eight grams equals one ounce and that an average dose of methamphetamine was approximately 0.1–0.2 grams; thus, this package contained approximately 100 doses. He also testified one gram of methamphetamine sold for approximately $100–$120.

On October 10, 2014, the State charged Hughlette with one count of possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) and one count of possessing a taxable substance without affixing a tax stamp, in violation of Iowa Code section 453B.1, .3, and .12. At trial, Hughlette argued the State was required to prove she knew the weight of methamphetamine she possessed was seven or more grams. The district court determined the statute did not contain such a requirement and rejected Hughlette's argument. On September 2, 2015, the jury found Hughlette guilty of possession of a controlled substance—a lesser-included offense of possession of a controlled substance with intent to deliver—and guilty of possessing a taxable substance without affixing a tax stamp. Hughlette appeals the tax-stamp conviction.

## II.    Standard of Review

As the question raised on appeal is one of statutory interpretation, we review it for correction of errors at law. *See State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013) ("Questions of statutory interpretation . . . are reviewed for correction of errors at law.").

## III.    Statutory Requirements

Hughlette argues the tax-stamp statute contains a knowledge element that applies to the weight of the taxable substance as well as the nature of the substance itself. The State responds that the knowledge requirement only applies to the nature of the substance and there is no such requirement attached to the weight of the substance.

Iowa Code section 453B.3 provides: "A dealer shall not possess, distribute, or offer to sell a taxable substance unless the tax imposed under this chapter has been paid as evidenced by a stamp, label, or other official indicia permanently affixed to the taxable substance." Section 453B.1 defines a dealer as:

> any person who ships, transports, or imports into this state or acquires, purchases, possesses, manufactures, or produces in this state any of the following:
> (1) Seven or more grams of a taxable substance other than marijuana, but including a taxable substance that is a mixture of marijuana and other taxable substances.

In interpreting this statute, our supreme court has identified "[t]he essential elements of the drug tax stamp charge" as "(1) . . . a dealer who knowingly possessed a taxable substance, (2) without a stamp, label or other official indicia evidencing that the tax imposed by chapter 421A has been paid. The definition of a dealer includes a person who possesses a certain quantity of a controlled substance." *State v. Butler*, 505 N.W.2d 806, 808 (Iowa 1993). In *Butler*, the court construed the "knowingly" requirement as applying exclusively to the nature of the substance, rather than the weight. *Id.* While addressing an elemental challenge to a drug-tax-stamp conviction in *State v. White*, 545 N.W.2d 552 (Iowa 1993), the court again refused to attach the "knowingly" requirement to the weight of the taxable substance. *See id.* at 555 (describing the elements as "(1) the defendant is a dealer, (2) who unlawfully possesses, distributes or offers to sell, (3) a taxable substance, (4) without affixing a stamp, label, or other official indicia evidencing the tax imposed by chapter 453B has been paid").

Based on our review of the statutory scheme and the relevant precedent from our supreme court, we conclude the knowledge requirement in the statute does not apply to the weight of the substance. The State was not required to prove Hughlette knew the weight of the methamphetamine she possessed was seven or more grams. Accordingly, we discern no error in the district court's rejection of Hughlette's argument and affirm Hughlette's conviction.

## IV.     Conclusion

Because we conclude Iowa Code section 453B.1 and .3 did not require proof Hughlette knew the methamphetamine she possessed weighed seven or more grams, we affirm Hughlette's conviction.

**AFFIRMED.**