STATE of Iowa, Plaintiff–Appellant,

v.

Rebecca Ann TRAINER,
Defendant–Appellee.

No. 07–2069.

Court of Appeals of Iowa.

Dec. 17, 2008.

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, Jesse Marzen, County Attorney, for appellant.

Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellee.

Heard by VOGEL, P.J., and MAHAN and MILLER, JJ.

VOGEL, P.J.

The State appeals from the district court's dismissal of a second-degree burglary charge against Rebecca Trainer. The State asserts that although judgment had been entered on Trainer's guilty plea to a lesser offense of misdemeanor trespass, double jeopardy did not require the dismissal of the greater charge. As we agree with the State, we reverse and remand for further proceedings.

## I. Procedural History

On July 5, 2007, Trainer was involved in an incident, which resulted in her arrest. She was initially cited by the arresting officer for trespass, a simple misdemeanor, in violation of Iowa Code section 716.7 (2007). She was also charged with four counts of first-degree harassment, each an aggravated misdemeanor, in violation of Iowa Code section 708.7(2). Trainer applied for and was appointed counsel. On July 6, 2007, Trainer made her initial appearance before a magistrate judge and pled not guilty to the trespass charge. Trial was set for the "last Tuesday of January 2008."

On July 24, 2007, in lieu of a preliminary hearing, the State, through the county attorney, charged Trainer by trial information with four counts of first-degree harassment in violation of Iowa Code sections 708.7(1)(b) [1] and 708.7(2), and second-degree burglary in violation of Iowa Code sections 713.1 and 713.5(2). [2] The State did not dismiss the pending citation for trespass.

On August 6, 2007, Trainer moved to dismiss the four counts of harassment, or in the alternative to combine the four counts into one count. On August 13, 2007, commencing at 2:13 p.m., a hearing was held on Trainer's motion. Shortly thereafter, at 2:48 p.m., Trainer filed a written guilty plea to the misdemeanor trespass charge stemming from the citation. The proof of service indicated a copy of the plea was then provided to the county attorney through the courthouse mail system. On August 15, 2007, Trainer's defense counsel took the court file to the magistrate for entry of judgment and sentence on the guilty plea. Trainer was sentenced on the trespass charge and ordered to pay a sixty-five dollar fine, plus surcharge, court costs, and attorney's fees. The judgment and sentencing order was then filed at 8:54 a.m., noting a copy was to be given to the county attorney. Apparently yet unaware of the magistrate's entry of judgment and sentence, at 11:00 a.m. the State filed a resistance to the guilty plea on the trespass citation. The State asserted that because the trespass charge was a lesser-included offense of the burglary charge, "substantial injustice" would occur if the court accepted Trainer's

---

1. Trainer was originally charged with first-degree harassment in violation of Iowa Code sections 708.7(1)(a)(1) and 708.7(2). The district court determined that the code sections under which Trainer had been charged were incorrect. Thus, the trial information was amended to charge Trainer with four counts of first-degree harassment under Iowa Code sections 708.7(1)(b) and 708.7(2).

2. Iowa Rule of Criminal Procedure 2.33(2)(a) states:

When an adult is arrested for a commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

plea. On August 17, 2007, Trainer filed a response to the State's resistance, asserting the resistance was moot as judgment had already been entered and sentence imposed. She further asserted the State could have, but failed to, dismiss the trespass charge when the second-degree burglary charge was included in the trial information.

On August 20, 2007, Trainer was arraigned in district court on the four counts of harassment and the burglary charge. That same day, the district court ordered that the four counts of harassment be combined into one count. On August 23, 2007, the trial information was amended to one count of first-degree harassment and one count of second-degree burglary.

On August 31, 2007, after a hearing, the magistrate denied the State's resistance to Trainer's guilty plea on the trespass citation. Subsequently, Trainer moved to dismiss the burglary charge, asserting it was barred on double jeopardy grounds. On November 5, 2007, the district court dismissed the burglary charge finding that trespass is a lesser-included offense of second-degree burglary and thus, prosecution of the burglary charge was barred on principles of double jeopardy. The State appeals asserting that the burglary charge should not have been dismissed.

## II. Scope of Review

Our review of constitutional claims is de novo. Iowa R.App. 6.4; *State v. Butler*, 505 N.W.2d 806, 807 (Iowa 1993).

## III. Double Jeopardy

The Double Jeopardy Clause of the United States Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee is applicable to state criminal proceedings through the due process provision of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969). Additionally, the Iowa Constitution provides "[n]o person shall after acquittal, be tried for the same offense." Iowa Const. art. I, § 12. "The same constitutional standards for determining when jeopardy attaches must be applied equally in both federal and state courts." *State v. Franzen*, 495 N.W.2d 714, 715–16 (Iowa 1993).

The Double Jeopardy Clause provides a defendant with three basic protections: "It protects against a second prosecution for the same offense after an acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 433 (1984). The issue raised in this case relates to multiple or subsequent prosecutions for the same offense after a conviction. The State and Trainer agree that trespass is a lesser-included offense of second-degree burglary. *See State v. Sangster*, 299 N.W.2d 661, 664 (Iowa 1980) (holding that criminal trespass is a lesser-included offense of second-degree burglary); *see also Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932) (stating that the elements of two offenses are compared in order to determine whether they are separate offenses). Generally, "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Johnson*, 467 U.S. at 501, 104 S.Ct. at 2542, 81 L.Ed.2d at 434; *see Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196 (1977) (holding that following a defendant's plea and sentence to a misdemeanor charge, the Double Jeopardy Clause pro-

hibited a subsequent charge of a greater offense); *see also Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199, 205–06 (1957) (holding that a conviction of a lesser-included offense operates as an acquittal of the greater offense). However, subsequent prosecutions may not be prohibited under all circumstances. *Johnson*, 467 U.S. at 501–02, 104 S.Ct. at 2542, 81 L.Ed.2d at 434–35; *Franzen*, 495 N.W.2d at 717.

In *Ohio v. Johnson*, the United States Supreme Court examined a situation where a defendant was indicted on four offenses in a single indictment, to which he pled not guilty to the charges of murder and aggravated robbery, but pled guilty to the lesser-included charges of involuntary manslaughter and grand theft. *Johnson*, 467 U.S. at 496, 104 S.Ct. at 2539, 81 L.Ed.2d at 431. Over the State's objection, the trial court accepted the defendant's guilty pleas to the lesser-included offenses and sentenced the defendant to a term of imprisonment. *Id.* Subsequently, the trial court dismissed the pending murder and aggravated robbery charges, finding that because the charges the defendant had pled guilty to were lesser-included offenses of the pending charges, continued prosecution was barred by the Double Jeopardy Clause. *Id.*

The Supreme Court reversed. It discussed that under those procedural facts, the principles of finality and prevention of prosecutorial overreaching that the Double Jeopardy Clause was intended to protect were not implicated. *Id.* at 501, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

The acceptance of a guilty plea to lesser-included offenses while charges on the greater offenses remain pending, ... has none of the implications of an 'implied acquittal' which results from a verdict convicting the defendant on lesser-included offenses rendered by a jury charged to consider both greater and lesser-included offenses.

*Id.* at 501–02, 104 S.Ct. at 2542, 81 L.Ed.2d at 435. The Supreme Court reasoned that a defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435. Thus, the Double Jeopardy Clause did not prohibit the State from prosecuting the defendant on the greater charges of murder and aggravated robbery. *Id.*[3]

█ In the present case, without notice to the State, Trainer withdrew her not guilty plea and pled guilty to the lesser-included offense of trespass in what appeared to the State to be an effort to avoid prosecution on the pending burglary charge. However, Trainer is not entitled to "manipulate the proceedings against her and to use the double jeopardy clause as a sword." *State v. Gonzalez*, 112 Ohio App.3d 19, 677 N.E.2d 1207, 1211 (1996). Further, this case does not involve any prosecutorial overreaching that the Double Jeopardy Clause is designed to protect. *Johnson*, 467 U.S. at 501, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

Trainer asserts that this case is distinguishable from *Ohio v. Johnson*, and points to the fact that the trespass and

---

**3.** Upon a finding of guilt on the greater offense, the convictions of the lesser-included offenses would merge with the greater offense for purposes of sentencing. *See Johnson*, 467 U.S. at 500, 104 S.Ct. at 2541, 81 L.Ed.2d at 434 (stating that in the event of a guilty verdict on the greater offense, the trial court

"will have to confront the question of cumulative punishments as a matter of state law"); *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994) (analyzing the double jeopardy prohibition against multiple punishments to require sentences for greater and lesser offenses to merge).

burglary were not charged together as the trespass was brought in a citation by the arresting officer and the burglary charge was then brought in a trial information.[4] We do not find this fact dispositive. Subsequent to *Ohio v. Johnson,* other courts have held that when a defendant pleads guilty to a lesser-included charge with the knowledge of a greater charge pending in a separate indictment or about to be filed in a separate indictment, the defendant was not allowed to use double jeopardy as a sword to avoid prosecution of the greater offense. *See Buchanan v. Angelone,* 103 F.3d 344, 350 (4th Cir.1996) (discussing that the reasoning of *Ohio v. Johnson* applied equally to a case involving multiple indictments brought in a single prosecution), *cert granted on other grounds* 520 U.S. 1196, 117 S.Ct. 1551, 137 L.Ed.2d 700 (1997); *United States v. Quinones,* 906 F.2d 924, 928 (2d Cir.1990) (holding that double jeopardy did not apply when a defendant pled guilty to a charge in a pending indictment in order to avoid prosecution of a greater charge in an indictment about to be filed), *cert denied* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 851 (1991); *State v. Kameroff,* 171 P.3d 1160, 1163 (Alaska 2007) (same); *Gonzalez,* 677 N.E.2d at 1211 (holding that where a defendant pled guilty to a misdemeanor charge in order to avoid prosecution of a separate pending felony charge, the defendant was estopped from relying on the Double Jeopardy Clause to defeat the felony prosecution); *see also* 5 Wayne R. La-

Fave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure,* § 25.1(d), at 591–92 (3d ed. 2007) ("The reasoning of *[Ohio v.] Johnson* probably also allows the government, by objecting to a defendant's guilty plea to a lesser offense, to defeat a defendant's effort to head off more serious charges that were *not* joined with the lesser offense at the time to the plea, but were known by the defendant to be pending in another indictment or about to be filed."); B. John Burns, *Iowa Criminal Procedure* § 38.3, at 702 (2006) ("Another circumstance permitting the government to charge a greater offense after jeopardy has attached on a [lesser-included offense] occurs where the defendant attempts to reap an unwarranted benefit of the Fifth Amendment by entering a plea of guilty to a lesser offense without the consent of the prosecution.").

We conclude that in this situation, the Double Jeopardy Clause does not prevent the State from prosecuting the greater offense. Therefore, it was error for the district court to dismiss the second-degree burglary charge against Trainer. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

4. We note that this situation could have been avoided had the prosecution timely dismissed the trespass citation. *See Gonzalez,* 677 N.E.2d at 1211 (discussing that although the State was not blameless, any blame to be assessed against the State is outweighed by the defendant's failure to move to have the charges against her consolidated).