# IN THE COURT OF APPEALS OF IOWA

No. 13-1429
Filed October 15, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TREVON FOX,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

A defendant appeals his conviction for riot. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold and Dennis D. Hendrickson, Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Joseph Williams, Student Legal Intern, Thomas J. Ferguson, County Attorney, and Peter Blink, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

This case presents the question of whether a criminal defendant can be prosecuted for a greater offense after appearing for trial on a lesser-included offense, pleading guilty to the lesser-included offense in the presence of and without objection by the prosecutor, and being convicted and sentenced for the same. We conclude, under the facts and circumstances of this case, the Double Jeopardy Clause bars prosecution for the greater offense following conviction for the lesser-included offense.

I.

On January 2, 2013, the State filed a complaint against Trevon Fox, charging him with disorderly conduct, in violation of Iowa Code section 723.4(1) (2011), in connection with a New Year's Eve bar brawl. Fox pleaded not guilty to the offense, and trial was set for March 28. On February 26, the State filed a trial information charging Fox with criminal gang participation and riot, in violation of Iowa Code sections 723A.2 and 723.1, arising out of the same incident. The State concedes disorderly conduct is a lesser-included offense of riot.

Fox and the prosecutor appeared for trial on the disorderly conduct charge on the scheduled trial date. After the court informed Fox that he would not have the assistance of appointed counsel for trial, Fox pleaded guilty to the charge of disorderly conduct. The court convicted and sentenced Fox for that offense on the same date. The record reflects the prosecutor appeared for trial and the plea proceeding. There is no record of the prosecutor objecting to the guilty plea or taking any other action of record to indicate the State would continue to pursue prosecution for the greater offense of riot.

On May 2, 2013, Fox moved to dismiss the charges of gang participation and riot on the ground the "Double Jeopardy Clause prohibits subsequent trial for a greater offense after a conviction of a lesser-included offense." The district court overruled Fox's motion. A jury found Fox guilty of riot and not guilty of the gang participation charge, and the district court imposed sentence on the riot charge. Fox filed this appeal, claiming the district court erred in denying his motion to dismiss the riot charge.

II.

The Double Jeopardy Clause of the United States Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee is applicable to state criminal proceedings through the due process provision of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The Double Jeopardy Clause affords the defendant three basic protections. "It protects against a second prosecution for the same offense after an acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). The greater offense is by definition the same offense for purposes of double jeopardy as the lesser offenses included within it. *See Brown v. Ohio*, 432 U.S. 161, 165-66 (1977). Thus, "[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Id.* at 169. This is true even where the prior conviction and sentence are the result of a guilty plea. *See id.* Thus, in the absence of an exception to

the general rule, *Brown* forbids the defendant's conviction and sentence for riot following his guilty plea to disorderly conduct.

There are several recognized exceptions to the general rule prohibiting successive prosecution for a greater and lesser-included offense. "One commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun." *Jeffers v. United States*, 432 U.S. 137, 151 (1977). A second is where "the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial." *Id.* at 152. A third exists where "the defendant expressly asks for separate trials on the greater and the lesser offenses, or, in connection with his opposition to trial together, fails to raise the issue that one offense might be a lesser-included offense of the other." *Id.* A fourth exception was set forth in *Ohio v. Johnson*, 467 U.S. 493 (1984), *State v. Franzen*, 495 N.W.2d 714 (Iowa 1993), and *State v. Trainer*, 762 N.W.2d 155 (Iowa Ct. App. 2008). It is the nature and scope of this fourth exception that is in dispute.

The State interprets *Johnson*, *Franzen*, and *Trainer* to stand for the proposition that a defendant's plea of guilty to and conviction of a lesser-included offense, when the defendant has knowledge that a charge for a greater offense has been filed, whether set forth in the same charging instrument or a different charging instrument, does not bar successive prosecution for the greater offense. The dissent interprets these cases to stand for the proposition that a defendant's plea of guilty to and conviction of a lesser-included offense after a charge has been filed, whether set forth in the same charging instrument or a different charging instrument, regardless of the defendant's knowledge of the filed charge,

does not bar prosecution for the greater offense. Under the State and the dissent's interpretation, the focus of the inquiry is whether the State had filed a charge for the greater offense prior to the time of plea and conviction. Although both interpretations are reasonable, we conclude both interpretations ultimately focus on the wrong issue.

The critical issue in *Johnson*, *Franzen*, and *Trainer* was not that a charge for the greater offense had been filed at the time of plea and conviction or that the defendant knew a charge for the greater offense had been filed at the time of plea and conviction; the critical issue was the defendant's unilateral deprivation of the State's asserted interest in further prosecution through offensive use of the Double Jeopardy Clause, either over the State's objection or without the State's knowledge. *See Johnson*, 467 U.S. at 502 ("Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges."); *Trainer*, 762 N.W.2d at 158 (stating the defendant should not be allowed to "manipulate the proceedings . . . to use the double jeopardy clause as a sword"). In *Johnson*, the defendant pleaded guilty "[o]ver the State's objection," to lesser-included offenses contained in a single indictment in an apparent attempt to preclude prosecution on the greater offenses. 467 U.S. at 494. The Supreme Court explicitly noted the "State objected to disposing of any of the counts against respondent without a trial." *Id.* at 501. *Franzen* presented the same fact pattern as *Johnson*—the defendant attempted to preclude continued prosecution of a single information by pleading guilty to lesser-included offenses. *Franzen*, 495 N.W.2d at 715. In *Trainer*,

"without notice to the State, Trainer withdrew her not guilty plea and pled guilty to the lesser-included offense of trespass in what appeared to the State to be an effort to avoid prosecution on the pending burglary charge." 762 N.W.2d at 158. We thus conclude *Johnson*, *Franzen*, and *Trainer* hold that a defendant cannot use procedural wangling to unilaterally deprive "the State its right to one full and fair opportunity to convict those who have violated its laws."

Our interpretation of *Johnson*, *Franzen*, and *Trainer* is more consistent with our case law than the State and the dissent's interpretation. For example, in *State v. Iowa District Court*, 464 N.W.2d 233, 236 (Iowa 1990), the court denied the defendant's double jeopardy challenge where "the county attorney took no part in, and in fact resisted, the guilty plea proceedings initiated by the defendant." Likewise, in *State v. Randell*, No. 08-1290, 2009 WL 1492781, at *3 (Iowa Ct. App. May 29, 2009), the court concluded the Double Jeopardy Clause was no bar to second prosecution where the "State did not approve, have knowledge, nor consent to the plea on the lesser offense" and the defendant "pled guilty to the lesser offense in an attempt to thwart the State's ongoing prosecution of the greater offense." Further, in *Randell*, our court discussed *Trainer* and noted "the fact that the charges were brought in separate proceedings was not dispositive, but rather the defendant was not allowed to use the Double Jeopardy Clause as a sword." *Id.* Indeed, for the last century, our supreme court has recognized a defendant is prohibited from unilaterally manipulating criminal proceedings: "The law has long been settled that if one procures himself to be prosecuted for an offense in order to get off with slight punishment . . . the judgment entered is void, and affords the accused no

protection." *State v. Bartlett*, 164 N.W. 757, 758 (1917). The *Bartlett* court reasoned that "fraud practiced by the accused" should not result in a windfall for the accused. *Id.* at 758.

Our interpretation of *Johnson*, *Franzen*, and *Trainer* also more closely relates to the defendant's double jeopardy interests implicated by a second prosecution following conviction. In that context, the double jeopardy interest protected is "that the State with all its resources and power should not be allowed to . . . subject [the defendant] to embarrassment, expense and ordeal" and "compel[] him to live in a continuing state of anxiety and insecurity" through repeated proceedings. *Green v. United States*, 355 U.S. 184, 187-88 (1957). The existence or non-existence of a filed charge bears little relationship to the interest actually at stake. In contrast, the "offensive use exception" closely relates to the interests at stake because it can be fairly said the defendant's interests are not impinged when it is the defendant's procedural wangling that necessitates a second prosecution to advance the State's asserted interest in prosecuting a greater offense. *See Moore v. State*, 882 N.E.2d 788, 793 (Ind. Ct. App. 2008) ("Where the defendant has an active hand in arranging disposition of the causes so he might benefit from the results, he waives any double jeopardy claims.").

Further, the State and dissent's interpretation—by making the existence or non-existence of a filing central—fails to account fully for the State's interest in further prosecution. The State should not be precluded from further prosecution merely because a defendant rushed to plead guilty to a lesser offense prior to the State filing a charge for the greater offense. *See United States v. Quinones*, 906

F.2d 924, 928 (2d Cir. 1990) (rejecting double jeopardy challenge where defendant pleaded guilty prior to filing of superseding indictment on the ground defendant "was nonetheless trying to use the Double Jeopardy Clause as a sword by insisting on a right to plead guilty to the conspiracy and possession counts in the face of the government objection"); *State v. Kameroff*, 171 P.3d 1160, 1163 (Alaska Ct. App. 2007) (rejecting double jeopardy challenge where charges for greater offense were not yet filed but "the State also objected to having [the defendant] enter a plea to the misdemeanor charges in an attempt to preclude the State from proceeding on the felony charges"). Consider the circumstances of this case. If Fox had pleaded guilty to disorderly conduct on the date of his arraignment, January 10, prior to the time the State had filed its trial information charging riot on February 26, the State should not be barred from continued prosecution solely because Fox had pleaded guilty prior to the time the trial information had been filed.

We hold a defendant's plea to and conviction of a lesser-included offense bars a second prosecution for a greater offense unless the defendant unilaterally deprived the State of its asserted interest in pursuing further prosecution by pleading guilty to the lesser offense (1) without the State's knowledge or (2) over the State's objection. *See* 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 25.1(d), at 591-92 (3d ed. 2007) ("The reasoning of [*Ohio v.*] *Johnson* probably also allows the government, by objecting to a defendant's guilty plea to a lesser offense, to defeat a defendant's effort to head off more serious charges that were not joined with the lesser offense at the time to the plea . . . ."); B. John Burns, *Iowa Criminal Procedure* § 38.3, at 702

(2006) ("Another circumstance permitting the government to charge a greater offense after jeopardy has attached on a [lesser-included offense] occurs where the defendant attempts to reap an unwarranted benefit of the Fifth Amendment by entering a plea of guilty to a lesser offense without the consent of the prosecution.").  In this case, the defendant appeared for trial on the disorderly conduct charge with all of the anxiety and risk that entails.  Upon being told that he would not have appointed counsel to assist him with trial, the defendant decided to plead guilty.  The State was aware of the plea to and the sentence for the disorderly conduct charge and took no action of record to protect its interest in pursuing prosecution for the riot charge at the time of plea and sentencing. Fox did not attempt to "reap an unwarranted benefit of the Fifth Amendment by entering a plea of guilty to a lesser offense without the consent of the prosecution."  *Trainer*, 762 N.W.2d at 159.  The Fourth exception set forth in *Johnson*, *Franzen*, and *Trainer* is thus not applicable here.  Accordingly, the Double Jeopardy Clause bars the State from pursuing the second prosecution for the greater offense of riot.

It should be noted that while Fox did not attempt to reap an unwarranted benefit, there is no doubt that he is in fact receiving such a benefit.  The State's decision to charge the defendant in separate charging documents with separate trial dates is "fraught with peril of just this result."  *State v. Knaff*, 713 N.E.2d 1112, 1115 (Ohio Ct. App. 3d 1998) (Painter, J., concurring).  However, "[i]t is not the defendant's job to conduct the prosecution against him, and the [defendant] had no duty to tell the court or the prosecutor of the [trial information] already procured by the prosecution itself."  *Id.*  The State could have changed this result

by dismissing the disorderly conduct charge or otherwise preserving its right to prosecute the greater offense. *See Trainer*, 762 N.W.2d at 159 n.4. Ultimately, the State chose not to do so, and the risk of an adverse result must fall squarely on the State.

III.

For the foregoing reasons, we reverse the defendant's conviction, vacate the defendant's sentence, and remand for dismissal of the trial information against him on the same.

**REVERSED AND REMANDED.**

**VAITHESWARAN, P.J. (dissenting)**

I respectfully dissent. I would conclude double jeopardy principles did not require dismissal of the riot count after Fox pled guilty to the lesser included offense of disorderly conduct.

I agree "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *See Brown v. Ohio*, 432 U.S. 161, 169 (1977). But here we did not have successive prosecutions; the State filed a trial information against Fox while the disorderly conduct complaint was pending and before Fox pled guilty to that charge. I would contrast these facts from *Brown*, 432 U.S. at 162-63, where the State filed additional charges only after Brown finished serving jail time on the originally filed charge.

The Court cited this distinction in *Ohio v. Johnson*, 467 U.S. 493, 502 (1984). According to the Court, Johnson—unlike Brown—was the subject of a single indictment with "separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated." *Id.* Under these circumstances, the Court said, Johnson "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.*

The Iowa Supreme Court reached the same conclusion in *State v. Franzen*, 495 N.W.2d 714 (Iowa 1993). The court framed the issue as follows: "Does a guilty plea to a lesser included offense in a multicount criminal information raise a double jeopardy bar to prosecution on the greater offense?" *Franzen*, 495 N.W.2d at 715. The court stated:

> [T]the acceptance of a defendant's guilty plea to one count of an information, that is a lesser offense of a second count, does not prevent the State from completing its prosecution on the remaining count. We hold the double jeopardy protection against subsequent or successive prosecution under the Fifth Amendment has no application under these circumstances.

*Id.* at 718.

This brings me to *State v. Trainer*, 762 N.W.2d 155 (Iowa Ct. App. 2008), which addressed the precise procedural posture we have here: offenses charged in separate documents. The State cited Trainer for trespass and separately charged her with harassment and burglary. 762 N.W.2d at 156. Trainer pled guilty to the misdemeanor trespass citation and had judgment and sentence entered on the plea. *Id.* She later moved to dismiss the burglary charge, asserting it was barred by double jeopardy principles. *Id.* at 157. The district court granted the motion, finding trespass was a lesser included offense of burglary. *Id.*

This court reversed. Citing *Johnson*, the court concluded "the Double Jeopardy Clause does not prevent the State from prosecuting the greater offense." *Id.* at 159. The court rejected Trainer's attempt to distinguish *Johnson* on the ground the offenses there were charged in a single document. *Id.* at 158-59. The court stated,

> [s]ubsequent to *Ohio v. Johnson*, other courts have held that when a defendant pleads guilty to a lesser-included charged with the knowledge of a greater charge pending in a separate indictment or about to be filed in a separate indictment, the defendant was not allowed to use double jeopardy as a sword to avoid prosecution of the greater offense.

*Id.* at 159 (citations omitted). In my view, *Trainer* is controlling.

I recognize *Trainer* contained an element of defense deception that gave teeth to the court's admonition not to "use the double jeopardy clause as a sword." *Id.* at 158. Here, in contrast, there is no indication Fox pled guilty to disorderly conduct as a strategic move to avoid prosecution on the greater riot offense. But, while deception was alluded to in *Trainer*, I do not believe it was necessary to the outcome. *Trainer* relied on *Johnson*, which made no mention of deception. Instead, the *Johnson* Court's focus was on "finality and prevention of prosecutorial overreaching." *Johnson*, 467 U.S. at 501. In the Court's view, where a defendant was not "exposed to conviction on the charges to which he pleaded not guilty" and the State did not have "the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial," and where the defendant was not faced with the "implied acquittal" implications of a jury verdict on lesser rather than greater offenses, "[t]here simply has been none of the governmental overreaching that double jeopardy is supposed to prevent." *Id.* at 501-02.

Like Johnson, Fox was not subjected to government overreaching. *See State v. Butler,* 505 N.W.2d 806, 807 (Iowa 1993) (stating "[t]he constitutional prohibition against double jeopardy is based on principles of finality and the prevention of prosecutorial overreaching"); *State v. Randell*, No. 08-1290, 2009 WL 1492781, at *4 (Iowa Ct. App. May 29, 2009) (citing *Johnson* for proposition that case did not involve "prosecutorial overreaching"). For this reason, I would conclude the Double Jeopardy Clause did "not prohibit the State from prosecuting" Fox for disorderly conduct and riot. *Johnson*, 467 U.S. at 500.

In reaching this conclusion, I have considered *State v. Iowa District Court*, 464 N.W.2d 233, 236 (Iowa 1990), and *Randell*, 2009 WL 1492781, at *4, cited by the majority. I believe both are inapposite.

In *District Court*, the court accepted a plea to a crime proposed by the defendant and not set forth in the trial information. 464 N.W.2d at 236. The Iowa Supreme Court concluded double jeopardy could not attach based on a plea the court had no authority to accept. *Id.*; *see also State v. Bartlett*, 164 N.W. 757, 758 (Iowa 1917) (concluding judgment entered on a plea to a crime not charged by the State was void and was "no obstacle to a subsequent prosecution by the state"). In *Randell*, double jeopardy attached to the *greater* offense before Randell pled guilty to the lesser offense. 2009 WL 1492781, at *3. Accordingly, the court found entry of judgment and sentence on the greater offense to be entirely appropriate.

I also am not persuaded by the majority's reliance on *Moore v. State*, 882 N.E.2d 788, 793 (Ind. Ct. App. 2008). The defendant there did not deceive the State or seek to deprive the State of its ability to prosecute remaining charges. After a jury was impaneled, the defendant simply pled guilty to a lesser charge and proceeded to trial on the remaining charges. *Moore*, 882 N.E.2d at 792. A jury found him guilty. On appeal, the court found no double-jeopardy violation. *Id.* at 793. Citing *Johnson*, the court stated "the Double Jeopardy Clause does not prohibit the State from continuing its prosecution of a defendant on greater charges when he had previously pled guilty to lesser-included charges." *Id.* The court specifically rejected the defense assertion that a State objection to the guilty plea was a predicate to continuing a prosecution on the greater charges.

*Id.* at 794 n.5. According to the court, the State would have had no reason to object because the defense did not affirmatively raise a double-jeopardy concern. *Id.* The same is true here. *See also United States v. Schuster*, 769 F.2d 337, 343 (6th Cir. 1985) (rejecting defense assertion that a State objection was necessary to invoke the *Johnson* exception and stating "*Johnson* does not emphasize the prosecution's opposition to the plea, but the lack of a final adjudication on the merits"); *People v. Price,* 867 N.E.2d 972, 977 (Ill. App. Ct. 2006) (rejecting attempt to distinguish *Johnson* based on absence of objection to plea); 6 W. LaFave, J. Israel, N. King & O. Kerr, *Criminal Procedure* § 25.1(d), at 594 (3d ed. 2007).[1]

For these reasons, I would affirm.

---

[1] In cases where there is *no* agreement to dismiss a pending greater charge in exchange for a guilty plea to a lesser charge and a court accepts a defendant's plea to a lesser charge, without objection by the government, the single prosecution theory of *Johnson* supports the conclusion of most courts that the interests protected by the constitutional prohibition against successive prosecutions are not implicated if a judge either rejects the plea prior to sentencing or allows the government to continue its prosecution of the greater charge. As in *Johnson*, this scenario involves a prosecutor's attempt to complete its prosecution of charges that were pending all along, where no trial has begun, and there is no risk of harassment or repeated attempts to prosecute. 6 W. LaFave, J. Israel, N. King & O. Kerr, *Criminal Procedure* § 25.1(d), at 594 (3d ed. 2007).