# IN THE SUPREME COURT OF IOWA

No. 19–0551

Submitted September 17, 2020—Filed November 20, 2020

**STATE OF IOWA,**

Appellee,

vs.

**CHRISTOPHER ROBY,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Alan T. Heavens and Kellyann M. Lekar, Judges.

Defendant seeks further review of court of appeals decision rejecting his claim that his guilty plea to speeding barred his subsequent conviction for eluding while speeding based on double jeopardy grounds. **DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, Brian J. Williams, County Attorney, and Elizabeth O'Donnell and Yeshimebet Abebe, Assistant County Attorneys, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether a defendant, simply by paying a speeding ticket, can avoid a charge of eluding while speeding for the same police chase. The defendant, then age seventeen, received a speeding citation to which he pled guilty without pleading guilty to his accompanying charge of eluding. Months later after he turned eighteen, the State formally charged him by trial information with eluding while speeding. On advice of counsel, the defendant pled guilty to the eluding charge and several unrelated offenses.

On appeal, the defendant's new counsel argues that speeding is a lesser included offense of eluding while speeding and that his first lawyer was ineffective for failing to challenge the eluding charge on double jeopardy grounds. We transferred the case to the court of appeals, which rejected his double jeopardy claim and other issues raised on appeal. We granted the defendant's application for further review.

On our review, we determine that speeding is a lesser included offense that at trial would merge into a conviction for eluding while speeding. Double jeopardy principles generally prohibit a second punishment for the same offense. Here, however, the defendant pled guilty to speeding, a scheduled violation, without a prosecutor present or any agreement to dismiss or foreclose the eluding charge. The defendant also had received notice of an eluding charge. Under these circumstances, we hold that the defendant cannot use double jeopardy principles as a sword to defeat the more serious eluding charge. We let the court of appeals decision stand on the defendant's other claims and affirm his convictions and sentences.

## I. Background Facts and Proceedings.

On October 23, 2017, Sergeant Steve Bose was driving his marked police patrol car in Waterloo when he noticed a silver Chevy Impala with fresh front-end damage traveling in the opposite direction. Sergeant Bose executed a U-turn to investigate further. As he did so, the Impala rapidly accelerated. Sergeant Bose activated his emergency lights, and the driver failed to stop. Sergeant Bose next activated his siren, but the driver sped away.

During the ensuing chase, the driver drove off the roadway and through the lawns of three homes. The Impala reached speeds of fifty-five miles per hour in a twenty-five-mile-per-hour zone. The driver eventually ditched the Impala in a backyard and fled on foot. Sergeant Bose radioed the driver's description and stayed with the Impala and its passengers. Another officer apprehended the driver, identified as Christopher Lee Roby Jr., then age seventeen.

The police report shows Roby was charged with eluding and interference with official acts and was issued citations for driving without a license, reckless driving, and speeding. As a minor, he was released to his mother without being held to answer for the eluding charge. In November, Roby, still age seventeen, pled guilty to driving without a license, speeding, and reckless driving, all of which are scheduled violations. There was no reported hearing involving a prosecutor. Nor did the State agree to forgo the eluding charge. To the contrary, on May 23, 2018, after Roby turned eighteen, the State filed a criminal complaint for the eluding charge and a magistrate issued an arrest warrant.

Officers learned that Roby was staying with his girlfriend, Tiara Bell, who drove a black 2013 Chevy Malibu. Officers saw Roby and Bell leave her apartment and get into the Chevy. As officers spoke with Roby and

Bell, they smelled a "fresh green" odor of marijuana on Roby and Bell and searched them but found nothing. Bell told the officers that there was marijuana inside the apartment. Officers obtained a search warrant for the apartment and located a small plastic bag of marijuana by the bed where Roby slept and a larger bag of marijuana on the TV stand in the bedroom. Bell told the officers that they shared the marijuana but that "Roby gets the weed."

On June 5, the State filed a trial information that charged Roby with eluding—speed over twenty-five miles per hour over the limit pursuant to Iowa Code section 321.279(2) (2017)—based on the October 23, 2017 police chase. On July 11, the State filed a criminal complaint that charged Roby with possession of a controlled substance with intent to deliver, and on August 16, the State filed a trial information with the same charge.

On August 30, personnel at Allen Hospital contacted child protection workers at the Iowa Department of Human Services to report the admission of a thirteen-year-old patient who was around eight weeks pregnant. At the Allen Child Protection Center, the patient disclosed that she had sex with Roby several times. Roby admitted having sex with the victim after his eighteenth birthday. On September 26, the State filed a criminal complaint charging Roby with third-degree sexual abuse, and on October 5, the State filed a trial information with the same charge.

On March 28, 2019, Roby pled guilty to the eluding charge and agreed to a two-year sentence. On that same date, Roby pled guilty to the other charges. The court sentenced Roby to five years for the possession charge and ten years for the sexual abuse charge, with all sentences to run concurrently.

Roby filed this direct appeal, raising multiple issues, including that his trial counsel was ineffective for failing to challenge his eluding charge

on double jeopardy grounds based on his guilty plea to speeding in the same incident. We transferred the case to the court of appeals, which affirmed Roby's convictions. The court of appeals held that Roby failed to establish a double jeopardy violation and rejected his other claims. Roby applied for further review, which we granted.

## II. Standard of Review.

"On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We choose to review only the ineffective-assistance-of-counsel claim regarding double jeopardy. We let the court of appeals decision stand as our final decision regarding the remaining issues.

We review an alleged failure to merge convictions as required by statute for correction of errors at law. *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019); *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015). We review constitutional double jeopardy claims de novo. *State v. Lindell*, 828 N.W.2d 1, 4 (Iowa 2013). "Our review of claims of ineffective assistance of counsel is de novo." *State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017).

## III. Analysis.

Roby argues that speeding is a lesser included offense of eluding while speeding and that upon his guilty plea to speeding, the State could no longer prosecute him for eluding. We must therefore decide whether speeding merges with eluding while speeding and, if so, whether Roby's guilty plea to speeding constitutes a double jeopardy bar to the eluding charge such that his former counsel provided constitutionally defective representation by allowing him to plead guilty to eluding.[1]

---

[1]Ineffective assistance is properly before us. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (holding amendments in Senate File 589, amending Iowa Code sections

The State argues that we should preserve Roby's ineffective-assistance-of-counsel claims for future postconviction-relief proceedings. We may address ineffective-assistance-of-counsel claims "when the record is sufficient to permit a ruling." *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). We conclude that the record is adequate to address Roby's ineffective-assistance-of-counsel claim based on the merits of his double jeopardy argument.

In order to establish ineffective assistance of counsel, a defendant "must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). For the reasons explained below, we find that Roby's double jeopardy claim lacks merit, and therefore, his counsel breached no duty.

**A. Whether Speeding Is a Lesser Included Offense of Eluding While Speeding.** We have not previously addressed whether speeding is a lesser included offense that merges with eluding while speeding. To answer this question, we begin with the applicable statutes. Iowa Code section 701.9 provides, "No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted." This statute "codifies the double jeopardy protection against cumulative punishments." *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995). "The Double Jeopardy Clause prohibits multiple punishments for the *same* offense" and thereby "prevents a court from imposing a greater punishment than the legislature intended." *Id.* (emphasis added).[2] The legislature defines the offenses and can provide

---

814.6 and 814.7, dealing with ineffective-assistance-of-counsel claims do not apply retroactively to an appeal from a judgment and sentence entered before July 1, 2019).

[2]The Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb

for multiple punishments for separate offenses that overlap. *See State v. Johnson*, 950 N.W.2d 21, ___ (Iowa 2020). "If the Double Jeopardy Clause is not violated because the legislature intended double punishment, section 701.9 is not applicable and merger is not required." *Halliburton*, 539 N.W.2d at 344.

In determining whether the legislature provided for double punishment, our first step is to apply the legal-elements test that compares "the elements of the two offenses to determine whether it is possible to commit the greater offense without also committing the lesser offense." *Id.* Here, the State charged Johnson with eluding pursuant to Iowa Code section 321.279(2) and speeding pursuant to section 321.285. Under the eluding statute,

> [t]he driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section *and in doing so exceeds the speed limit by twenty-five miles per hour or more.*

Iowa Code § 321.279(2) (emphasis added). Section 321.285, in turn, requires that drivers obey the posted speed limit. *Id.* § 321.285. A violation of section 321.285 is an element of section 321.279(2). It is impossible to violate section 321.279(2) (eluding while exceeding the speed limit by twenty-five miles per hour) without violating section 321.285 (speeding). *Id.* §§ 321.279(2), .285; *cf. People v. Esparza-Treto*, 282 P.3d 471, 479 (Colo. App. 2011) (concluding that "one cannot commit the offense of vehicular eluding without also committing the offense of reckless

---

. . . ." U.S. Const. amend. V. The Iowa Constitution provides: "No person shall after acquittal, be tried for the same offence." Iowa Const. art. I, § 12. Roby does not request a different analysis under the Iowa Constitution.

driving"). According to the legal-elements test, these offenses should merge.

We turn to the second step in the double jeopardy analysis: "[W]hether the legislature intended multiple punishments for both offenses." *Halliburton*, 539 N.W.2d at 344. The court of appeals held that there was no double jeopardy violation because, under *State v. Rice*, the conditions resulting in varying degrees of eluding are differing sentencing levels rather than lesser included offenses of eluding and, in any event, "there is a clear legislative intent to impose cumulative punishments." 661 N.W.2d 550, 551 (Iowa Ct. App. 2003). In our view, *Rice* is inapposite.

First, the offenses at issue in *Rice* were eluding and operating while intoxicated (OWI). *Id.* The *Rice* court concluded that each statute was "meant to protect against a different form of illegal conduct" and that merger "would thwart the legislative design" of the OWI statute, specifically its subsequent-offense enhancement scheme and mandatory minimums. *Id.* at 551–52.

Second, the *Rice* court merely stated it was "inclined" to agree that the eluding statute defined one offense "with three possible sentencing levels" while also observing "[i]t is not readily apparent" whether the OWI statute was a lesser included offense, or rather, "one of several possible sentencing enhancements." *Id.* at 551. Regardless, the *Rice* court, without deciding that issue, expressly held that even if an OWI was a lesser included offense of eluding, there was a "clear legislative intent to impose cumulative punishments." *Id.*

Here, the lesser included offense is not OWI, but speeding. Eluding while speeding and speeding both involve a driver exceeding the posted speed limit and thereby endangering others. Moreover, unlike the OWI statute, the speeding statute lacks subsequent-offense enhancements.

*Compare* Iowa Code § 321.285 *with* § 321J.2(2). *See also Johnson*, 950 N.W.2d at ___ (holding the legislature intended separate punishments for possession of marijuana and eluding while possessing marijuana, in light of subsequent offense enhancements for simple possession). We see no clear legislative intent to impose cumulative punishments. We now hold that speeding is a lesser included offense of eluding while speeding. The speeding conviction should merge with the eluding conviction. *See State v. Forbes*, No. A–3861–04T43861–04T4, 2007 WL 879570, at *1 (N.J. Super. Ct. App. Div. Mar. 26, 2007) (per curiam) (determining that defendant's speeding and reckless driving convictions merged with the eluding conviction); *State v. Mulder*, 755 S.E.2d 98, 106 (N.C. Ct. App. 2014) ("[W]e hold that Defendant was unconstitutionally subjected to double jeopardy when he was convicted of speeding and reckless driving in addition to felony fleeing to elude arrest based on speeding and reckless driving."). The State does not argue otherwise.

Accordingly, if a jury had found Roby guilty of speeding and eluding while speeding for the same incident, the speeding conviction would merge into the eluding conviction, and the court would sentence him for eluding alone. *See* Iowa Code § 701.9. So was Roby's counsel ineffective for not arguing his speeding conviction precluded his eluding conviction? We turn to that question next.

**B. Whether the Defendant May Use the Double Jeopardy Clause as a "Sword" to Avoid Prosecution on the More Serious Charge.** The United States Supreme Court has "recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Ohio v. Johnson*, 467 U.S. 493, 501, 104 S. Ct. 2536, 2542

(1984). However, the same principle does not necessarily apply when the defendant pleads guilty to the lesser included offense.

In *Ohio v. Johnson*, an Ohio grand jury indicted the defendant for murder, involuntary manslaughter, aggravated robbery, and grand theft. *Id.* at 495, 104 S. Ct. at 2538–39. Johnson pled guilty to "involuntary manslaughter and grand theft, but pleaded not guilty to . . . murder and aggravated robbery." *Id.* at 494, 104 S. Ct. at 2538. The trial court accepted his guilty pleas and granted his motion to dismiss the other offenses on double jeopardy grounds. *Id.* The Ohio Court of Appeals and Ohio Supreme Court affirmed. *Id.* The United States Supreme Court reversed and held that "prosecuting respondent on the two more serious charges would not constitute the type of 'multiple prosecution' prohibited by the Double Jeopardy Clause." *Id.* Indeed, "ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws." *Id.* at 502, 104 S. Ct. at 2542.

The *Johnson* Court held that double jeopardy was not implicated because

> [t]he acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, . . . has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses.

*Id.* at 501–02, 104 S. Ct. at 2542. In so holding, the Supreme Court determined that the "respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502, 104 S. Ct. at 2542. Thus, the State could proceed with its prosecution on the murder and aggravated robbery charges. *Id.*

Our court of appeals applied *Ohio v. Johnson* in *State v. Trainer*, 762 N.W.2d 155, 157–59 (Iowa Ct. App. 2008). In *Trainer*, the defendant was charged with trespass and four counts of first-degree harassment in violation of Iowa Code sections 716.7 and 708.7(2). 762 N.W.2d at 156. Initially, Trainer pled not guilty to the trespass charge. *Id.* A few weeks later, the State charged Trainer by trial information with four counts of first-degree harassment in violation of Iowa Code sections 708.7(1)(*b*) and 708.7(2) and second-degree burglary in violation of sections 713.1 and 713.5(2). *Id.* Trainer then pled guilty to the trespass charge, which the State resisted because it was a lesser included offense of burglary. *Id.* The magistrate denied the State's resistance, and subsequently, Trainer moved to dismiss the burglary charge on double jeopardy grounds. *Id.* at 157. The district court granted the motion, ruling that trespass was a lesser included offense of second-degree burglary. *Id.* The court of appeals reversed, holding that the State could prosecute the greater offense. *Id.* at 159. Although the trespass and burglary charges were charged separately, the court of appeals did not consider this fact dispositive. *Id.* at 158–59. Instead, the court agreed with other courts following *Johnson* that

> when a defendant pleads guilty to a lesser-included charge with the knowledge of a greater charge pending in a separate indictment or about to be filed in a separate indictment, the defendant [i]s not allowed to use double jeopardy as a sword to avoid prosecution of the greater offense.

*Id.* at 159; *see also State v. Kameroff*, 171 P.3d 1160, 1163 (Alaska Ct. App. 2007) ("We see no reason to allow Kameroff to use the Double Jeopardy Clause as a sword to preclude the State from pursuing the felony charges where he was fully aware that the State was actively proceeding on those charges."); *State v. Gonzalez*, 677 N.E.2d 1207, 1211 (Ohio Ct. App. 1996) (explaining that the defendant could not rely on the double

jeopardy clause to avoid further prosecution because she attempted "to manipulate the proceedings" and "to use the double jeopardy clauses as a sword").[3]

We are bound by *Johnson* under the Federal Constitution and reach the same conclusion under the Iowa double jeopardy clause. Roby was initially charged with eluding and given a citation for speeding. He pled guilty to speeding without a court hearing or the prosecutor's knowledge or involvement. The State, for legitimate reasons, waited six months until Roby's eighteenth birthday to file the formal criminal complaint for eluding.[4] But the State never agreed that Roby's payment of his speeding

---

[3]*Johnson* remains long-standing, settled law. *See, e.g.*, *Buchanan v. Angelone*, 103 F.3d 344, 350 (4th Cir.1996) ("[T]he Court's reasoning [in *Johnson*] applies equally to a case involving multiple indictments brought in a single prosecution."), *aff'd*, 522 U.S. 269, 118 S. Ct. 757 (1998); *Boze v. Broglin*, No. 89–2947, 1991 WL 65425, at *2 (7th Cir. Apr. 23, 1991) (The defendant's double jeopardy claim had "no merit" because "[h]ere, as in *Johnson*, Boze attempted to resolve part of the charges against him, while the State objected to the dismissal of the greater charge without a trial and appealed the trial court's decision."); *United States v. Quinones*, 906 F.2d 924, 928 (2d Cir. 1990) (Double jeopardy did not bar the superseding indictment because the defendant "precipitated the two proceedings by the strategy of suddenly tendering his plea" and his "attempt to use double jeopardy as a sword involved an affirmative misrepresentation to the government by defense counsel."); *People v. Super. Ct. of San Diego Cnty.*, 6 Cal. Rptr. 2d 242, 250 (Ct. App. 1992) ("The case which most closely resembles this case, and from which we receive the most guidance, is *Ohio v. Johnson* . . . ."); *Boze v. State*, 514 N.E.2d 275, 277 (Ind. 1987) ("Where the defendant has an active hand in arranging the disposition of the causes so he might benefit from the results, he waives any double jeopardy claims."); *State v. Freeman*, 689 P.2d 885, 894–95 (Kan. 1984) (The State could continue prosecution when the defendant "attempted to do the same thing as Johnson did in Ohio, to use the double jeopardy clause to prevent the State from completing its prosecution on the greater charges."); *Righetti v. Eighth Jud. Dist. Ct. of Nev.*, 388 P.3d 643, 645 (Nev. 2017) (en banc) ("When the charging document alleges multiple theories for a single offense, linking them with 'and/or,' an accused may not undercut the State's charging decision by pleading guilty to only some of the theories alleged without the State's affirmative consent."), *aff'd*, No. 73015, 2019 WL 1772303 (Nev. Apr. 19, 2019); *State v. King*, 48 P.3d 396, 405 (Wyo. 2002) ("We also embrace the *Johnson* decision and hold that the district court was in error in ordering dismissal of Count 2.").

[4]After his arrest for eluding, Roby was issued the speeding citation and released to his mother's care without being held to answer in court. The speedy indictment rule for eluding was not triggered by his arrest because he was a minor. *See* Iowa R. Crim. P. 2.33(2)(*a*). The prosecution of simple misdemeanor speeding citations falls outside Iowa Code chapter 232, governing juvenile court proceedings. *See* Iowa Code § 321.482. As such, Roby was able to plead guilty to speeding and pay the scheduled fine in autumn

ticket ended his criminal liability for eluding. Nor has Roby ever claimed he pled guilty to speeding with the understanding the eluding charge would go away. There was no such plea agreement. To the contrary, Roby ultimately pled guilty to eluding while speeding.

We hold that *Ohio v. Johnson* applies here and that Roby is not allowed to use double jeopardy as a sword to defeat his conviction for eluding under these circumstances. His guilty plea counsel was not required to raise a challenge that lacked merit and, therefore, breached no duty. Roby's ineffective-assistance-of-counsel claims fail.[5]

---

2017 without being required to answer in juvenile court regardless of whether the State had prosecuted him for eluding at that time through delinquency proceedings. Once Roby turned age eighteen the following May, the State could file the eluding charge in district court, which it did. *See id.* § 803.5. This avoided the need for a waiver hearing in juvenile court pursuant to Iowa Code section 232.45.

[5]Ordinarily,

whenever the government is allowed to proceed with a greater charge after a guilty plea to a lesser included offense, as in *Johnson*, the government is nevertheless barred from punishing the defendant more than once for the "same offense." To avoid multiple punishments for the same offense, a trial court must vacate duplicate convictions and sentences for a single offense.

6 Wayne R. LaFave et al., *Criminal Procedure* § 25.1(d), at 781 (4th ed. 2015) (footnotes omitted); *see also Boze*, 514 N.E.2d at 277–78 (remanding case to vacate conviction on lesser included battery charge after defendant was convicted of attempted murder).

Based on our decision today, a speeding conviction would merge with a conviction for eluding while speeding in the same proceeding. We would then remand for resentencing to vacate the conviction on the lesser included offense. That remedy, however, is not available under the procedural posture of this appeal. Roby pled guilty to speeding in a separate proceeding over a year before he pled guilty to eluding, the subject of this appeal. He never appealed his 2017 speeding conviction or the scheduled fine paid for that simple misdemeanor. Nor does he ask us in this appeal to vacate his 2017 speeding conviction. This appeal is from his 2019 conviction for eluding. His 2019 sentence did not include the scheduled fine for speeding. Accordingly, we do not remand the case for resentencing.

**IV. Disposition.**

For these reasons, we affirm the decision of the court of appeals (although based on different reasoning on the double jeopardy claim), and we affirm the district court's convictions and sentences.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**