# IN THE COURT OF APPEALS OF IOWA

No. 16-0925
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL LOUIS CHANDLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


        Daniel Chandler appeals his convictions following a bench trial on the minutes of evidence. **AFFIRMED.**


        Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

One winter night, a Des Moines police officer stopped a vehicle driven by Daniel Chandler. The officer had "pulled him over several times" before and knew "he was on a temporary restricted license, that he was supposed to have an Intoxilyzer in his vehicle, and that he was supposed to have a work permit if he was driving a vehicle." She also knew he worked for a lawn care company. The officer saw a passenger in the vehicle. She checked Chandler's license, instructed him to step out of the vehicle, and searched him. The search uncovered marijuana. Chandler scuffled with the officer before being handcuffed and arrested.

Chandler was subsequently charged with possession of a controlled substance (third offense) as an habitual offender and interference with official acts inflicting bodily injury. *See* Iowa Code §§ 124.401(5), 719.1(1)(e), 902.8 (2015). He moved to suppress the evidence gained in the search on the ground that the officer lacked reasonable suspicion to stop his vehicle. The district court denied the motion.

Chandler agreed to a trial on the minutes of evidence. The minutes made reference to his prior convictions. The district court found Chandler guilty and imposed the sentencing enhancements.

On appeal, Chandler argues the district court (1) should have granted his motion to suppress, (2) made successive findings of guilt in violation of constitutional double jeopardy provisions, and (3) should have required greater proof of his prior offenses.

## I.    Suppression Ruling

The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, and article I, section 8 of the Iowa Constitution require reasonable suspicion to stop a vehicle for investigatory purposes.  *See Navarette v. California*, 134 S. Ct. 1683, 1687 (2014); *State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011).  The State must show "the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred."  *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004); *accord Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000).  "Mere suspicion, curiosity, or hunch of criminal activity is not enough."  *Tague*, 676 N.W.2d at 204; *accord Wardlow*, 528 U.S. at 123-24 ("The officer must be able to articulate more than an 'inchoate and unparticularized suspicion or "hunch"' of criminal activity." (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968))).

Chandler contends the officer lacked "'specific and articulable facts' to believe that [he] was not properly operating his vehicle pursuant to the restrictions imposed upon him by nature of his temporary restricted license" and she acted with  "no more than a simple 'hunch' that [he] may have been violating the terms of his temporary restricted license."  On our de novo review of this constitutional issue, we disagree.

The district court found:

> [C]arrying a passenger, on a Sunday evening at 10:30 p.m. in the wintertime when Chandler's employment was potentially with a landscaping company forms a reasonable basis that Chandler was not driving his vehicle home from work and thus [was] violating the

terms of his [temporary restricted license] which gave [the officer] the basis for conducting the investigatory stop.

These facts are supported by the record. Together, they satisfied the constitutional reasonable-suspicion standard for a stop of the vehicle. *Cf. State v. Donnan*, No. 12-0955, 2014 WL 667683, at *4 (Iowa Ct. App. Feb. 19, 2014) (concluding officer had reasonable suspicion to believe defendant was violating the terms of a temporary restricted license).

## II.     *Double Jeopardy*

Chandler argues "the trial court erred when it subjected [him] to double jeopardy after being found guilty at a bench trial and subsequently found guilty at a later hearing."  The double jeopardy doctrine derives from our constitutions:

> The Fifth Amendment to the United States Constitution states, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V. This provision is applied to the states through the Due Process Clause of the Fourteenth Amendment. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 306 [(1984)].  The Iowa Constitution provides that "No person shall after acquittal, be tried for the same offence . . . ."  Iowa Const. art. I, § 12.  *See generally State v. Franzen*, 495 N.W.2d 714 (Iowa 1993).

*State v. Huss*, 657 N.W.2d 447, 449 (Iowa 2003) (ellipses in original).

The Double Jeopardy Clauses are not implicated in this case because Chandler's guilt on the current offenses and the applicability of the enhancements were resolved in a single proceeding—the trial on the minutes of evidence.  Although the district court convened counsel after the trial to ensure they agreed on the state of the record, the court did not take evidence and did not obtain a supplementation of the minutes of evidence.  Notably, Chandler's attorney admitted "the court found Mr. Chandler guilty of the underlying offense

as well as the habitual offenders" following the trial on the minutes. He later reiterated that while trial on the offenses and on the enhancements was generally "a bifurcated process," they "took care of both issues" at "[t]he trial on the minutes."[1] There is simply no basis for invoking or applying double jeopardy principles.

### III. *Prior Convictions & Sentencing Enhancements*

Chandler contends the State did not satisfactorily prove the prior convictions on which the enhancements were predicated. The State counters that Chandler waived his right to raise this issue by stipulating to a trial on the minutes of evidence. We agree with the State.

Chandler's attorney informed the court his client desired a "determination solely on the minutes of [evidence]." The district court proceeded to review the minutes of evidence and other stipulated evidence and made findings sufficient to find Chandler guilty as charged. In objecting to the foundation laid by the State, Chandler's attorney acknowledged he "wasn't asking that witnesses come to testify to [Chandler's] prior record" and was not saying the court or prosecutor

---

[1] Chandler now appears to argue that the district court erred in failing to bifurcate the trials on the primary charges and on the prior convictions, in accordance with Iowa Rule of Criminal Procedure 2.19(9). The bifurcation procedures set forth in the rule apply "in the absence of an agreement of the parties to proceed otherwise." *State v. Johnson*, 770 N.W.2d 814, 825 (2009). Chandler and the State agreed to a trial on the minutes of evidence. As noted, the minutes included a summary of Chandler's prior convictions. During the post-trial conversation with the court, Chandler resisted what he characterized as the State's attempt to have a separate trial on the prior convictions, a characterization the State vigorously disputed. The State reaffirmed the prior agreement to have a trial on the minutes. In the prosecutor's words, "if [Chandler] wants to stipulate to the minutes of testimony, the State believes . . . he has to stipulate to the minutes of [evidence] that include his prior convictions." Nonetheless, the prosecutor said he stood ready and willing to prove up the prior convictions, if deemed necessary. Because the defense did not wish to exercise that option, Iowa Rule of Criminal Procedure 2.19(9) is not implicated. *See id.*

was "wrong." He voiced a distinction between stipulating to the prior convictions and allowing the court to find them based on the minutes of evidence and said he was simply trying to "protect the record" by declining to stipulate to the prior offenses. He conceded, "I think the court can discern from the minutes whether or not he has a prior or two priors for enhancement purposes." Chandler waived error.

We affirm Chandler's convictions for possession of a controlled substance (third offense) as an habitual offender and interference with official acts inflicting bodily injury.

**AFFIRMED.**