# IN THE COURT OF APPEALS OF IOWA

No. 17-0170
Filed March 7, 2018

**JOSHUA ALLEN TAFT,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR MONROE COUNTY,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Monroe County, Annette J. Scieszinski, Judge.

Plaintiff filed a petition for writ of certiorari, challenging his special sentence under Iowa Code section 903B.1 (2007). **WRIT ANNULLED.**

Monte M. McCoy of McCoy Legal Services, Centerville, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Joshua Taft filed a petition for writ of certiorari, challenging his special sentence under Iowa Code section 903B.1 (2007). Taft has not shown (1) the special sentence of lifetime parole is facially cruel and unusual, (2) the sentence is grossly disproportionate to the offense, or (3) the sentence violates double jeopardy. We find the district court did not act illegally and annul the writ of certiorari.

## I.    Background Facts & Proceedings

On October 13, 2008, Taft pleaded guilty to sexual abuse in the third degree, in violation of section 704.4(2)(c)(4), a class "C" felony. The district court sentenced him to a term of imprisonment not to exceed ten years. The judgment entry also provided:

> IT IS FURTHER ORDERED that the defendant is committed to the custody of the director of the Iowa Department of Corrections for the rest of his life, pursuant to Section 903B.1, Code of Iowa, with eligibility for parole as provided in Chapter 906. The special sentence shall commence upon completion of the sentence imposed for the underlying criminal offense, and the defendant shall begin the sentence under supervision as if on parole.

Taft did not appeal his conviction.

On May 4, 2016, Taft filed a motion to correct an illegal sentence, claiming the special sentence under section 903B.1 was unconstitutional because it constituted cruel and unusual punishment, the sentence was grossly disproportionate to the offense, and it amounted to double jeopardy. After a hearing, the district court denied Taft's motion, finding Taft had not shown his

sentence was illegal. Taft filed a petition for writ of certiorari, which the Iowa Supreme Court granted.[1]

## II. Standard of Review

Our review of a constitutional challenge to a sentence is de novo. *State v. Sweet*, 879 N.W.2d 811, 816 (Iowa 2016). "In our review, we independently evaluate the totality of the circumstances as evidenced by the whole record." *State v. Simpson*, 587 N.W.2d 770, 771 (Iowa 1998). "The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a).

## III. Merits

**A.** Taft claims the special sentence under section 903B.1 is facially invalid on the ground it constitutes cruel and unusual punishment.[2] He states the special sentence could potentially go on indefinitely, making it inherently cruel and unusual. The Iowa Supreme Court has concluded the imposition of a special sentence of lifetime parole cannot be categorically characterized as cruel and unusual punishment. *State v. Graham*, 897 N.W.2d 476, 488 (Iowa 2017) (finding defendant, a juvenile who had been convicted of third-degree sexual abuse, was not entitled to relief from the special sentence of lifetime parole on the ground it was cruel and unusual punishment, noting the parole board might relieve defendant from parole obligations sometime in the future).

---

[1] Taft filed a notice of appeal. The Iowa Supreme Court determined it would treat the notice as a petition for writ of certiorari, citing *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017).

[2] Before the district court, Taft claimed the special sentence was unconstitutional under the United States and Iowa Constitutions. He did not, however, make a separate argument regarding the Iowa Constitution, and therefore, we will not address the issues in this case under the Iowa Constitution. *See State v. Wilkes*, 756 N.W.2d 838, 842 n.1 (Iowa 2008).

**B.** Taft claims the special sentence is grossly disproportionate when considering the harshness of the punishment to the gravity of the offense. Even when a sentence is not facially invalid, it may still constitute cruel and unusual punishment if it is grossly disproportionate to the offense. *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009). We previously stated, "We conclude that Iowa Code section 903B.1 . . . is not grossly disproportionate to the gravity of the offenses to which it applies and its imposition does not constitute cruel and unusual punishment." *State v. Harkins*, 786 N.W.2d 498, 507 (Iowa Ct. App. 2009) (discussing section 903B.1 in relation to a defendant who had been convicted of third-degree sexual abuse). As the State points out, Taft does not argue how his sentence is grossly disproportionate to the crime.

**C.** Finally, Taft claims the special sentence under section 903B.1 amounts to double jeopardy under the United States Constitution. "The Double Jeopardy Clause protects those accused of a crime from both multiple prosecution and multiple punishment." *State v. Franzen*, 495 N.W.2d 714, 716 (Iowa 1993). "Because power to prescribe crimes and determine punishment is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Id.* Section 903B.1 states a special sentence under this section will be imposed "in addition to any other punishment provided by law." We conclude the special sentence under section 903B.1 does not violate the Double Jeopardy Clause.

We find the district court did not act illegally and annul the writ of certiorari.

**WRIT ANNULLED.**